Per Curiam.

The verdict in the former cause, was equivalent to a verdict for the defendant. The intention of the jury was manifest and beyond doubt. They found the issue against the plaintiff, and though the verdict was faulty in point of form, the justice ought to.have entered it according to the substantial finding. We are to overlook matters of form, and to regard proceedings before justices of the peace according to the merits. Being a verdict for the defendant, it was a bar to a farther prosecution by the plaintiff below for the same cause. Nemo debet bis reocari pro eadem causa. The omission by the justice to render judgment according to the verdict, did not prevent it from being a bar to a new suit. The justice was bound to render a judgment thereon, according to the finding. He had no discretion. The reason of the rule, that the verdict of postea is no evidence, until the entry of final judgment, does not apply to the case, because we know that the justice has no authority to arrest a judgment, or award a new trial.* The entry of judgment was a thing of course; and in justice and sound policy, the verdict ought to be equally conclusive against a further litigation between the same parties, on the same matter, as if the formal entry of judgment had been made.
Judgment reversed.†

 Laws of N. Y. vol. 1 p. 491—502.

 2 Burr. 698. 4 Comyns, 89. Evid. A. 5.