JAMES M. PARKER, appellant, *v.* NORMAN SMITH *et al.*, appellees.

6   411
89a ¹636

*Appeal from La Salle.*

The law in relation to officers acting under process is regarded as correctly expounded by this Court, in the cases of *Jackson* v. *Hobson*, 4 Scam. 411, and *Barnes* v. *Barber*, *ante* 401.

Where it appeared that a justice of the peace had jurisdiction of the subject matter of a suit before him, and an irregularity had occurred in the proceedings subsequent to the trial of the cause, it was *held* that the defendants in trespass were not trespassers.

Final judgment, in bar of the whole cause of action, should not be rendered upon demurrers to a portion of the pleadings only.

TRESPASS, in the La Salle Circuit Court, brought by the appellant against the appellees, and heard upon demurrers to the pleadings before the Hon. John D. Caton, at the November term 1843. The demurrers were sustained, and final judgment in bar of the cause of action entered. The pleadings are substantially set forth in the Opinion of the Court.

*A. Lincoln,* and *T. L. Dickey,* for the appellant:

It was error to render judgment in bar of the whole action, upon a justification to a part.

The justification of Smith and Allen are each bad, because the judgments set up are void for want of notice to the defendant therein. If Courts give effect to such judgments, a party is cut off from his right of appeal, or a certiorari.

The constable's plea is bad, in not showing that his execution was issued by a justice of the peace. The replication shows the judgment void, and that the constable knew it. In such case, the process does not protect the officer.

*B. C. Cook,* for the appellees:

As to the first point made by plaintiff, it was no error to render judgment in bar of the whole cause of action if the several pleas are good as to the trespass attempted to be justified, because the pleas go to the whole cause of action and the replication must go to the whole plea or it is bad on demurrer. *Snyder* v. *Gaither,* 3 Scam. 91; *Loder* v. *Phelps,* 13 Wend. 46; *Underwood* v. *Campbell,* Ib. 78; *Ethridge* v. *Osborn,* 12 Wend. 399.

The replications are bad on special demurrer, being double and argumentative. 1 Chit. Pl. 687; *Prosser* v. *Woodward,* 21 Wend. 210; *Merriwether* v. *Smith,* 2 Scam. 31.

The pleas are good; they show the rendition of a valid judgment. On the return of a verdict by the jury, the justice shall enter judgment thereon in accordance with the finding. Gale's Stat. 407; R. L. 392.

The justice had no discretion; he was bound to render judgment upon the finding. *Fetter* v. *Mulliner,* 2 Johns. 181; *Elwell* v. *McQueen,* 10 Wend. 520; *Colvin* v. *Corwin,* 15 Wend. 557.

Judgment is but the determination of the law. 3 Black. Com. 396.

The Circuit Court will compel the justice to enter judgment by mandamus. 3 Black. Com. 110; Ib. 396; *Haight* v. *Turner,* 2 Johns. 371; *The People, &c.* v. *Lynde,* 8 Cowen, 133.

If the justice neglect to render a judgment at the proper

time, and afterwards do so upon request, it must be as good as if done on compulsory process.

Warren, the constable, in his plea sets out that an execution, good on its face, was delivered to him, on which he levied on the property and sold it. Such plea was held good in the case of *Savacool* v. *Boughton*, 5 Wend. 170. The case of *Cleveland* v. *Rodgers*, 6 do. 438, was not intended to impair the validity, of the last case, as appears in *Coon* v. *Congden*, 12 do. 496.

An officer sued in trespass for taking property on an execution, need not set out the judgment upon which the execution issued. *Jackson* v. *Hobson*, 4 Scam. 411.

The Opinion of the Court was delivered by

SCATES, J. *Trespass* for taking two steers, two oxen, two ox yokes, and two yearling calves.

Amongst other pleas, Smith pleaded specially, that as to the taking the two oxen, two ox yokes, and two yearling calves, he was not guilty, and put himself upon the country, and the plaintiff doth likewise; and as to the residue of the supposed trespass, he says that he impleaded Parker in an action of debt for $36 before Allen, which was tried on the 12th day of October, 1841, by a jury, who returned a verdict in his favor for $14·12½ cents, and the justice taxed his costs upon the minutes at $19·61¾ cents, and entered the verdict. That afterwards, on the 8th day of November, 1841, Allen entered up a judgment upon the verdict in favor of Smith, and issued an execution thereon, on the 2nd day of February, 1842, which was levied on the two steers on the 10th day of March, by D. Warren, a constable, and on the same day re-delivered to Parker, and which are the same supposed trespasses.

The plaintiffs, as to so much of the plea as tendered an issue to the country, joined issue; and for replication to the remainder, protesting that Warren did not re-deliver the steers, says, that after the entry of the verdict and taxation of costs by Allen, on the 12th day of October, said Parker and Smith separated, and the proceedings of said justice's Court were

then closed, and that the cause was not continued to any future day, and so he says the judgment rendered was so rendered when he was not present, and that he had no notice or knowledge of such proceedings, until the 6th day of February, 1842. To this replication there was a demurrer sustained, and final judgment in bar rendered.

There was a precisely similar plea by Allen, replication by Parker, demurrer and judgment by the Court.

The defendant, Warren, pleaded, that as to the taking of the two oxen, two ox yokes, and two yearling calves, he was not guilty, and put himself upon the country; and as to the residue of the supposed trespass, says, that on the 2nd day of February, 1842, he was an acting constable; that an execution was issued on that day and came into his hands, as such constable, to execute, whereby he was commanded by the people of the State of Illinois, to make of the goods and chattels of the plaintiff, the sum of $14·12½ cents, debt, and $19·61¼ cents costs, which the defendant, Smith, had then lately recovered before E. Z. Allen, one of the justices of the peace of his county, in a certain plea against the plaintiff; and that he should make return thereof to the said justice, within seventy days thereafter. That, by virtue of the said writ, afterwards, on the 6th day of February, and on the 10th day of March, he seized and took one yoke of steers, the residue of the goods in the declaration mentioned, for the purpose of satisfying said execution by sale thereof, and that by the direction of the defendant, Smith, he afterwards delivered the same to the plaintiff, which are the same supposed trespasses.

The plaintiff filed a replication to this plea similar to the others, and averred that Warren knew these facts when he received and levied the execution. A demurrer to this replication was sustained, and judgment upon it in bar.

These several decisions sustaining the demurrer are assigned for error, and also the rendition of final judgment.

We are of opinion, that the pleas set up a good defence in this form of action to bar a recovery as to the matters justified. The justice had jurisdiction of the subject matter of the suit.

The matters set forth in the replications only show irregularity in the proceedings subsequent to the trial, but which will not make the defendants trespassers. The judgments upon the demurrers in bar of the whole cause of action in the declaration were erroneous. Because the first part of each plea must be taken to be a separate plea of not guilty to a part of the trespass, and in this light it was taken by the plaintiff, for he joined issue thereon to the country; or as introductory to the plea, and to exclude from it, a portion of the trespasses. In this last case, final judgment in bar of the whole cause of action in the declaration ought not to have been rendered upon demurrers arising upon these pleadings to a portion only.

The record before us being but a portion of the whole record, and intended to present the questions arising upon these demurrers only, we cannot tell what other issues may have been raised upon the remainder of the trespasses; nor can we tell, if raised, whether they were disposed of or not. If the remainder of the declaration had been disposed of by other issues, then the Court might have rendered final judgment upon the whole record, after the judgments upon the demurrers.

The law is correctly laid down, as to officers acting under process, in the cases of *Jackson* v. *Hobson*, 4 Scam. 411; *Parker* v. *Walrod*, 16 Wend. 514; *Savacool* v. *Boughton*, 5 do. 170, and *Barnes* v. *Barber*, *ante* 401, decided at this term.

The judgment will be reversed with costs, and the cause remanded with direction to the Circuit Court to proceed to dispose of such issues as have been, or may be made upon the remainder of the trespasses.

THOMAS, J. delivered the following separate opinion:

I concur in the reversal of the judgment of the Circuit Court in this case as well for the reason assigned in the Opinion just pronounced, as for the additional reason that there was error, as I conceive, in the sustaining of the general demurrer of the defendant Warren, to the replication of the plaintiff to the said Warren's plea of justification.

The said plea justifies under an execution issued on a judgment rendered by the defendant, Allen, as a justice of the peace, and a levy and sale thereon by the defendant, Warren,

as a constable.   The replication alleges that the said execution was issued on a judgment rendered by the said justice, Allen, on the 8th Nov. 1841, in favor of Smith and against Parker, and that at the time of rendering said judgment, he, Parker, was not present and had not been notified by process or otherwise to attend said justice's Court at that time; that said judgment was therefore void; and that, when said constable received said execution and levied the same, he knew said facts. The matter of the plea being here confessed, is avoided by new matter; the justice is shown to have had no jurisdiction of the person of the defendant, and the judgment rendered by him was consequently void.   *Evans* v. *Pierce,* 2 Scam. 469; *Bimes* v. *Procter,* 4 do. 177; and that fact being brought home to the knowledge of the defendant, Warren, the constable executing the *fi. fa.* issued on such judgment, he was not protected thereby.   *Barnes* v. *Barber, ante* 401, at the present term.

It is true, that the plaintiff in this replication probably relied upon the same judgment pleaded by the defendants, Allen and Smith, but it does not so appear by the replication itself, and we are not at liberty to look elsewhere in determining as to its sufficiency.   If such was the fact, the defendant should have so rejoined, and thus the replication might have been successfully attacked.   Upon its face it was sufficient to avoid the defendant's plea, and should so have been adjudged.

I concur likewise in the opinion that the pleas of the defendants, Smith and Allen, were properly held good, and the replication thereto bad.   Those pleas showed jurisdiction in the justice of the subject matter of the suit, and of the person of the defendant; a trial and verdict by a jury, and the entry of such verdict when found, by the justice on his docket, and this I conceive a sufficient memorandum of the judgment as required by the statute in such case made and provided. Gale's Stat. 402, § 2.   It would be so considered for the purpose of barring any subsequent recovery on the same cause of action.   *Fetter* v. *Mulliner,* 2 Johns. 181; Ib. 191; *Elwell* v. *McQueen,* 10 Wend. 520; *Colvin* v. *Corwin,* 15 do. 557; 2 do. 602.   Then should it not be so considered for all other purposes as between the same parties?   Would it not be unjust to

hold the proceedings valid as a judgment for the purpose of barring the plaintiff's recovery on a good and sufficient cause of action; but for the purpose of protecting him from the consequence of a levy, and sale of property under it, as a nullity and therefore wholly inoperative? Such a doctrine may be law, but it certainly is not "the perfection of reason."

As to the inconveniences, supposed to grow out of the omission of the justice to enter a formal judgment on his docket, at the time of the trial, in operating to prevent the defendant from appealing, I consider them entirely imaginary. In the view that I have taken, the entry of the verdict upon the justice's docket would entitle the defendant to an appeal, and the proceedings in the Circuit Court being *de novo*, no objection could there be taken for the want of a formal judgment; or, if it could, the Circuit Court would permit the justice to amend by the entry of such judgment. Gale's Stat. 410, § 35. If in such case the justice should interpose any obstacles in the way of an appeal, if demanded, either by refusing to take from the defendant an appeal bond, with sufficient security, or to give him a transcript from his docket, he might be liable, as well to indictment as to an action by the defendant, for such misconduct.

But if this view of the subject be erroneous, and a formal judgment was necessary, then the appellant was not aggrieved either by the delay of the justice in entering such judgment, or by his doing so in the absence of the appellant and without notice to him. It was sufficient that he was notified of the time of trial, as it was then alone that he could be heard. The verdict being rendered, the justice had no longer any power to control the proceedings, either by granting a new trial, or arresting the judgment. It only remained for him to perform the ministerial duty of entering up the judgment, and as he would be compelled by *mandamus* to do so, if necessary, he could not properly be held liable for that act, if done on request and without compulsory process. 3 Black. Com. 110, 396; *Haight* v. *Turner*, 2 Johns. 371; *The People* v. *Lynde*, 8 Cowen, 133.

*Judgment reversed.*