Thurman, C. J.
Robinson sued Kious and Rowe before a justice of the peace.
July 1,1854, a trial by jury was had, and a verdict rendered in favor of the plaintiff. The jury fee not being paid, the justice withheld judgment until July 5, 1854, when the plaintiff paid it, and the justice gave judgment upon the verdict.
The common pleas reversed the judgment, because it was rendered too late, -and retained the cause for trial.
To reverse this judgment of reversal, the present petition was filed.
The decision of the case depends upon the effect of the following sections of the justices’ code (Swan’s new Stat. 514, 516):
“ Sec. .92. Upon the verdict being delivered to the justice, and before judgment being rendered thereon, each juror shall be entitled to receive fifty cents at the hands of the successful *596 ■which shall be taxed in the costs against his adversary. When the jury shall be unable to agree upon a verdict, the same compensation shall be paid them by the party calling the jury, and the same shall be taxed in the cost-bill against the losing party.”
“ Sec. 107. Upon a verdict, the justice must immediately render judgment accordingly. When a trial is by the justice, judgment must be entered immediately after the close of the trial, *if the defendant has been arrested or his property attached; in other cases, it must be entered either at the close of the trial, or if the justice then desire further time to consider, on ór by the fourth day thereafter, both days inclusive.”
The latter of these sections plainly required the justice, in this case, to render judgment, according to the verdict, immediately upon its return; the former as plainly required the plaintiff to pay the jury fee before the entry of judgment. He failed to do so, and thereby, say the counsel for the defendant in error, discontinued his suit.
But let us look at both sides. Suppose a verdict be for a defendant, and he fail to pay the jury, what then is to be done? It is obvious that the suit can not be discontinued by any act or omission of the defendant, and it is equally clear that judgment can not be given against him while the verdict stands in lps favor. Shall, then, the justice set aside or treat the verdict as a nullity, and order a new trial ? If so, all that a defendant has to do who is dissatisfied with his verdict, or wishes to prevent or delay an appeal by the plaintiff, is to refuse to pay the jury fee, and a new trial follows of course. This will not do; nor will it do to withhold judgment until the defendant pay the fee and then render it, for he may never pay it, in order to prevent the plaintiff from appealing, since there can be no appeal until after judgment.
On the other hand, suppose the verdict to be for the plaintiff; if his failure to pay the jury operates as a discontinuance, then all the trouble the defendant may have been subject to in order to reduce the plaintiff’s claim, or to establish a counter-claim or set-off, however successful before the jury, goes for nothing; and he may be harassed with as many successive suits, for the same cause of action, as the plaintiff may see fit to bring, each one being discontinued in the same way. For the New York doctrine, that the verdict of a justice’s jury, without a judgment upon it, operates as a bar, could have no application; and this for the reason, that *597, 598 that doctrine rests upon the fact that a justice *in that state-has no power to award a new trial; and hence a judgment follows a verdict there as a matter of course, and may, for the purpose of an estoppel, be considered as rendered, though not formally entered. Felter v. Mulliner, 2 Johns. 181. But in this state a justice may, upon a certain showing, grant a new trial (Justices’ Code, sec. 87); and surely no judgment could be considered as constructively rendered in a suit discontinued for want of a necessary prerequisite to a judgment.
To us it seems that the legislative intention is plain enough, audit is one that obviates all the difficulties to which I have referred. There is nothing in section 92 that makes the payment of the jury fee a condition precedent to the rendition of judgment, nor was it intended that it should be. Its.object is simply to fix the amount to which the jurors shall be entitled, and prescribe the time when and party by whom it shall be paid. It is to be paid, in the-first instance, when a verdict is rendered, by the successful party; and if he fail to do so, the justice may enter an order that he pay it, and enforce compliance with it by an attachment. Stevens v. Breatheven, Wright, 733, 735.
But judgment must be entered, and that immediately, in compliance with section 107, whether thfe jury fee be paid or not. The justice has no discretion to postpone judgment upon a verdict to a future day, and if he do so, his judgment, although it may not be void, will be erroneous, and reversible for irregularity and noncompliance with the statute.
The court of common pleas was, therefore, right in reversing the judgment in question, and it properly retained the cause, as required by section 532 of the civil code.

Judgment affirmed.