[No. 2,552.]

## ROSA LYNCH v. WILLIAM KELLY.

JUDGMENT OF JUSTICE OF THE PEACE.—If, on a jury trial before a Justice
of the Peace, the jury find a verdict for a sum certain for the plaintiff, and
the Justice thereupon enters the verdict in his docket, but fails to enter up
a judgment, it is an irregularity; but not such an one as renders a sale
made upon an execution, which recites a judgment issued thereon, void.

JUSTICES' JUDGMENT ON VERDICT OF JURY.—The formal entry of a judg-
ment by a Justice of the Peace, upon the verdict of a jury, is a mere
clerical duty, which he may be compelled to perform; and if he fails to do
so a motion to set aside an execution should be sustained; but an execution
issued by the Justice, which recites a judgment, is not void by reason of
his failure to enter the judgment.

FORMER JUDGMENT IN BAR.—A plea of former judgment as a bar is sus-
tained by proof of a former trial before a Justice, and the verdict of a jury
entered on his docket, without any formal entry of judgment.

APPEAL from the District Court of the Third Judicial Dis-
trict, Santa Clara County.

Ejectment to recover the land sold under the execution,
and described in the Sheriff's deed, mentioned in the
opinion. The Court below rendered judgment in favor of
the defendant. The plaintiff appealed.

The other facts are stated in the opinion.

*Collins & Silent,* and *F. E. Spencer,* for Appellant.

*Bodley & Rankin,* for Respondent.

By the Court, WALLACE, J.:

Upon the trial had before him, the Justice of the Peace
entered in his docket the verdict of the jury, as rendered,
in the following words: "We, the undersigned, jurors in
the case of *Rosa Lynch* v. *William Kelly,* find for the plain-
tiff one hundred and seventy-nine dollars in gold coin;" and
subsequently, upon the application of the plaintiff, issued an
execution which recited that a judgment had been rendered
by him for that much money, and costs of suit.

Under a Sheriff's sale upon the execution, the plaintiff purchased the premises and received a Sheriff's deed therefor.

It is now claimed that the sale was void, and that the title did not pass thereby, because, as it is said, no judgment was ever entered in form upon this verdict.

The Justice, upon receiving the verdict, was required by statute to "immediately render judgment accordingly." (Section five hundred and ninety-four.) The formal entry of the judgment was, therefore, a mere clerical duty imposed upon him by the statute, and the performance of which he had no discretion to decline. He might have been compelled to make the proper entry in his docket by judicial proceedings instituted against him for that purpose by the plaintiff, and it may be conceded that to issue an execution before judgment entered in form upon the verdict would be bad practice, and that a timely motion by the defendant to set it aside for that reason should be supported. That would be so, however, not because such an execution would be void, but because it would be irregular, merely. And a failure to make the objection would, of course, amount to a waiver of the irregularity. As was said by the Supreme Court of the State of New York in *Felton* v. *Mulliner*, 2 Johns. 181: "We are to overlook matters of form, and to regard proceedings before Justices of the Peace according to the merits." Accordingly, in that case a plea of former judgment in favor of the defendant was held to be supported by proof of a verdict in his favor, upon which the Justice of the Peace ought to have rendered judgment, but had omitted to do so. In the case of *Gaines* v. *Betts*, 2 Douglas, 99, it appeared from the docket of the Justice of the Peace that the case was submitted to the jury on proofs, and that "the jury returned with a verdict for the plaintiff

*of* eighteen dollars damages, and costs of suit taxed at five dollars." There was no further entry upon the docket, and no formal entry of judgment on the verdict. Of this record the Supreme Court of the State of Michigan said: "The verdict is itself the judgment of the law in the case, and the Justice is simply required so to make the entry on his docket. If he neglects to do so, still the verdict must be considered the final determination of the cause." (See, also, *Overall* v. *Pero*, 7 Mich. 316.)

The circumstance that by the statute of this State a Justice of the Peace is authorized to grant new trials in cases before him does not, in my opinion, affect the question.

The judgment and order denying a new trial are reversed, and the cause remanded.