NETTIE E. SWAIN, ADMR'X, v. P. N. GILDER.

1. JUDGMENT. *By justice of the peace. Failure of record to show final judgment.*
   A judgment by a justice of the peace, will be upheld, although the record shows a failure of the justice to perform the clerical duty of entering formal final judgment.

2. SAME. *How construed.*
   Judgments taken before justices of the peace are to be liberally construed, because of the unlearned character of the men who frequently fill that office, and because the justice, in entering the judgment, is performing a purely clerical duty.

3. JUDGMENT. *How judgment tested.*

If it sufficiently appears that every act has been found which is necessary to give a right to the party to have a judgment entered, and that the entry made was intended as the final act of the court in applying the law to the facts, nothing remaining but the clerical duty of entering up final judgment, which was ignorantly left undone, then the judgment, however irregular, informal, or defective, will be upheld.

4. SAME. *Facts which will annul the judgment.*

If it can be shown that there was no plaintiff asking the decision of the justice and that what was done was either upon the application of the defendant or an unauthorized party acting for the plaintiff, who knew nothing of the proceeding, had no claim against the defendant, and who never ratified the action taken in his name, there being no change in the condition of the parties and no rights of third parties to be affected by the annulment, a judgment would be a mere pretense, and could not be made the foundation of judicial proceeding.

APPEAL from the Circuit Court of Pontotoc County.

HON. W. S. FEATHERSTON, Judge.

The facts are stated in the opinion.

*J. H. Barr,* for the appellant.

1. The entry cannot be considered a judgment of the court because it has none of the essential requisites of a judgment. Jacob's Law Dic. 3 Bl. Com. 395.

2. The entry does not pretend to be the adjudication or decision of the court, but is only a recital by the justice of what William Swain did.

3. While higher courts have not, in their construction of the entries of justices' courts, required the same formality in the phraseology of their judgments that would be required of a more learned court, yet in the entry under consideration it is not the want of formality in its phraseology that vitiates it, but it is the *entire absence* of the *judgment* of the *court* or *any attempt* by the *court* to enter *its judgment* on the facts recited as ascertained. In other words, there is no sentence of the court to vivify by technical form. And *without* an *adjudication* of the *court* or a *sentence entered* there can be *no judgment.* See *Wright* v. *Fletcher,* 12 Vt. 431.

4. The judgment would be invalid, if for no other reason, because

there was no one present seeking the same, nor was it ever ratified. No such judgment could ever operate as such or be a valid claim in favor of the plaintiff therein until it was accepted or ratified as such by said beneficiary. Such judgment is neither operative as a lien, estoppel, nor as a merger of the demand. Freeman on Judgments, 2d ed., § 548. A void judgment cannot be revived. 13 S. & M. 422.

. 5. The court clearly erred in excluding the testimony offered by the judgment plaintiff. Those facts being true, the fact is made evident that the justice of the peace acted in the matter without jurisdiction; consequently, if the entry sought to be dignified by the name of a judgment had been a formally entered conferred judgment, it would be void for the want of jurisdiction in the magistrate to enter judgments under that state of facts. It would have been a judgment entered without any suit instituted; without any process issuing; without any plaintiff present, asking or accepting or ratifying what was done; without any sworn statement signed by defendant admitting indebtedness, but simply on a verbal confession by defendant!

*Fontaine & Mitchell,* for the appellee.

1. There is no particular form for the judgment to conform to, but it should be tested by its substance rather than its form, and if it appears to have been intended by a competent tribunal as the determination of the rights of the parties to the action and shows in intelligible language the relief granted, it is sufficient. If it appear upon its face that it was intended as a judgment, it is sufficient if it shows—first, the relief granted; second, that it was made by the court in whose record the entry is written, and third, the parties of whom and to whom it is given. Freeman on Judgments 42, 43, 44, §§ 47, 50, 51. This judgment certainly comes up fully to these requirements. It was a judgment rendered by a justice of the peace, and it is a rule of construction that the records of these courts are scrutinized with less severity than those of higher courts. We are to overlook matters of form and regard the proceedings before justices of the peace according to merits. Freeman on Judgments 46, 47, 48, §§ 53 and 53a. And this same rule has

been adopted and followed by this court. *Taggert* v. *Muse,* 60 Miss. 871.

2. As to the exclusion of the testimony offered in the court below. There was, we think, no error in this, for several reasons: First, because this being a proceeding by *scire facias,* by this testimony it is sought to go behind the judgment and prevent a reviver thereof, which is entirely incompetent, for all such are shut out by the judgment, and that the only pleas that can be put in are such as rely on matter in bar subsequent to the judgment, such as discharge, payment, etc. *McAfee* v. *Patterson,* 2 S. & M. 395; *McLeod* v. *Harper,* 43 Miss. 42; *Langston* v. *Abney,* 43 Miss. 163. Second, because the effort is to prove by P. N. Gilder that he held no note, no consideration for the debt, etc. All of these propositions and defenses are settled by the judgment, and, not having been pleaded before its rendition, are now concluded and determined; and third, because it is sought to prove by same witness that the assignee of the judgment, Richard Swain, paid him nothing for the judgment—when the transfer itself, signed by him,' recites that it was transferred for a valuable consideration and is the evidence of the contract. *Heindon* v. *Henderson,* 41 Miss. 584; *Cocke* v. *Bailey,* 42 Miss. 81; *Kerr* v. *Kykendall,* 44 Miss.' 137. And this case comes directly within the rule. *Whitney* v. *Cowan,* 55 Miss. 626.

COOPER, J., delivered the opinion of the court.

This is a *scire facias* to revive a judgment rendered by a justice of the peace on the 25th of January, 1879, in favor of the appellee against the appellant's intestate. The record in the justice's court is as follows:

"*P. N. Gilder* } Note filed January 25, 1879, for $145.00. This
*v.* } action on promissory note for $145.00, dated Decem-
*William Swain.* } ber 25, 1877, and due one day after date; with inter-
est at ten per cent. per annum from date.

R. A. BANGLE, J. P.

This day personally appeared before me, the undersigned, justice of the peace, William Swain, who confessed judgment in open court in

favor of plaintiff for one hundred and forty-five dollars and interest at ten per cent. per annum from date and all costs of this suit, the note dated December 25, 1877, and due one day after date, this January 25, 1879.

[SEAL.]                                        R. A. KYLE, J. P."

There is nothing in the record of the justice of the peace indicating that any process had been issued for or served upon the defendant. On the trial of the cause in the court below the appellant offered the plaintiff in judgment, P. N. Gilder, and proposed to prove by him, that he never held any note on the defendant, William Swain; that he had never sued upon any such note as that described in the record, and had never authorized any such suit; that he had no knowledge of the fact that such judgment had been in fact rendered until long after its rendition; that he had never ratified or approved the rendition of such judgment and had never taken any steps to enforce its collection during the life of the defendant nor since his death; that he had transferred the judgment to one Richard Swain, a brother of the defendant, but at the time of such transfer had distinctly informed the transferee that he had no claim or demand against the defendant, and that Richard Swain paid nothing for the transfer, but did agree to pay over to the witness a part of any collections which might be made on the judgment. This testimony was excluded by the court and a judgment of revivor entered.

The points presented are two : First, whether the record shows the rendition of any judgment against William Swain; and second, whether, on the facts offered to be established, the judgment should have been revived.

The first question we answer in the affirmative, the second in the negative.

Judgments taken before justices of the peace are liberally construed by the courts, because of the unlearned character of the men by whom the office of justice is frequently filled, and because the justice, in entering the judgment, is performing a merely clerical duty. The test usually applied by the courts is that if upon looking at the record it sufficiently appears that every fact has been

found which is necessary to give a right to the party to have a judgment entered, and the entry made was intended as the final act of the court in applying the law to the facts; or if all the facts being found, nothing was left but the clerical duty of entering up a final judgment, which it was the duty of the justice to perform in his clerical capacity, and the justice ignorantly failed to enter such judgment, but dealt with the record as if it was completed, then the judgment, however irregular, informal, or defective, will be upheld. *Overall* v. *Pero,* 7 Mich. 315; *Matthews* v. *Houghton,* 11 Me. 377; *Fish* v. *Emerson,* 44 N. Y. 377; *Felter* v. *Mulliner,* 2 Johns. 181; *Lynch* v. *Kelly,* 41 Cal. 232.

But the testimony offered by the appellant would have shown that there was in fact no case before the justice upon which he could make any adjudication whatever, for there was no plaintiff asking his decision. What was done was either upon the application of the defendant alone or of some other person assuming without authority to represent the plaintiff, who knew nothing of the proceedings, had no claim against the defendant, and has never ratified or approved the action taken in his name. There has been no change in the condition of the parties by reason of the unauthorized judgment, no one has been misled by it, and the rights of no third party are to be affected by its annullment. Its a mere pretense and cannot be made the foundation of any judicial proceedings. *Wilcoxson* v. *Burton,* 27 Cal. 229.

*Judgment reversed.*