68   407
122   470

[No. 11141.   In Bank.—January 27, 1886.]

W. W. MONTGOMERY, PETITIONER, v. SUPERIOR COURT OF YOLO COUNTY, RESPONDENT.

JUSTICES' COURT—COMPLAINT—COPY OF ACCOUNT.—The complaint in an action in a Justices' Court, purporting to be a copy of an account for money borrowed on a certain day, is sufficient in the absence of a demurrer.

ID.—SUBSCRIPTION TO COMPLAINT.—A complaint in such an action need not be subscribed by the plaintiff or his attorney.

Id. — Appeal before Entry of Judgment — Waiver of Objection. — The appellant on an appeal from a Justices' Court, who appears in the Superior Court and proceeds without objection to a trial on the merits, cannot afterwards question the jurisdiction of the Superior Court on the ground that when the appeal was taken no judgment had been entered by the justice in his docket.

Id. — Jurisdiction of Superior Court. — The Superior Court has jurisdiction of an appeal from a Justices' Court, in an action tried by a jury, although when the appeal was taken no judgment had been entered by the justice in conformity with the verdict.

APPLICATION for a writ of review. The facts are stated in the opinion.

*R. Clark*, and *E. R. Bush*, for Petitioner.

*F. E. Baker*, and *J. Lambert*, for Respondent.

Belcher, C. C. — This is an application for a writ of *certiorari* to review a judgment of the Superior Court of the county of Yolo.

It is claimed for the petitioner that no action was commenced in the Justices' Court, because no sufficient complaint was filed, and that no judgment was entered by the justice, and therefore no appeal could be taken therefrom to the Superior Court.

It appears from the record that one Chantry, in order to commence an action against Montgomery, filed with a justice of the peace, as his complaint, what purported to be a copy of an account for "one hundred dollars, for money borrowed the thirty-first day of January, 1884."

Upon this complaint a summons was issued and served upon Montgomery, and in due time he appeared and answered, without demurrer or other objection that the complaint was insufficient. The case was afterwards tried before a jury, both parties being present with their witnesses and attorneys, and a verdict was returned in favor of the defendant.

Within thirty days after the verdict was returned the plaintiff served and filed a notice of appeal to the Superior Court upon questions both of law and fact, and at

the same time filed an undertaking sufficient to make his appeal effectual.

In due time thereafter the justice transmitted to the clerk of the Superior Court the notice of appeal, undertaking, and other papers filed in the case, and also a paper entitled "Transcript from Docket." In this transcript was entered the title of the action and all the proceedings, as required by statute, down to and including the verdict of the jury.

After the verdict appeared the following entries, which were subscribed by the justice: "Jury fees paid by defendant and judgment entered for the defendant for costs of suit, defendant's costs being $25 for witnesses' and jury fees, also the sum of $1.75 for constable fees; total, $26.75. Plaintiff's costs being $17.

"I hereby certify the foregoing to be a true and correct transcript from my docket of the proceedings made in the above-entitled case."

Nearly a year after the papers were filed in the Superior Court, without any objection on the part of the defendant, the case was brought to trial before a jury. Both parties appeared with their witnesses and attorneys, and at the end of trial a verdict was rendered in favor of the plaintiff, upon which judgment was entered.

Thereupon the defendant moved the court to set aside and vacate the verdict and judgment, upon the ground that the court had no jurisdiction to render the judgment, or to hear and determine the matters involved in the case. At the hearing of the motion the justice was called as a witness, and produced his docket. He testified: "All I did was to take the verdict of the jury and enter it in the docket. I never rendered or entered any judgment except as appears in the docket." The docket did not show any formal entry of judgment.

The court denied the motion to set aside the judgment, and this proceeding was then commenced.

1. The point is now made for the petitioner that no

case was ever commenced in the Justices' Court, and that court acquired no jurisdiction to try the supposed case, because, —

1. The paper filed as a complaint was not a concise statement in writing of the facts constituting the plaintiff's cause of action, nor a copy of an account, note, bill, bond, or instrument upon which the action was based; and 2. The paper was not subscribed by the party or his attorney.

The point is not well taken. "Pleadings in Justices' Courts must be construed with great liberality, and if the facts stated are sufficient to show the nature of the claim or defense relied upon, nothing further is required." (*Stuart* v. *Lander*, 16 Cal. 374.) That this complaint was sufficient to show the nature of the plaintiff's claim, abundantly appears from the answer to it filed by the defendant. Besides, if it was deemed insufficient, the defendant should have demurred, instead of answering and going to trial.

It was not necessary that the complaint be subscribed by the party or his attorney. Pleadings in Superior Courts must be so subscribed (Code Civ. Proc., sec. 446), but we have no statute requiring it in Justices' Courts.

2. It is insisted that the Superior Court acquired no jurisdiction to try the case, because, when the appeal was taken, no judgment had been entered by the justice in his docket.

The record transmitted to the Superior Court showed that a judgment had been entered in conformity with the verdict, and appeared to .be in all respects regular and sufficient. When the case was tried the petitioner appeared by his attorney, and without objecting to the regularity of any of the proceedings, defended the case on its merits. Having thus taken the chances of obtaining a verdict in his favor, we think his objection now comes too late.

But whether this be so or not, in our opinion the

Superior Court had jurisdiction of the case. The code provides that "when a trial by jury has been had, judgment must be entered by the justice at once in conformity with the verdict." (Code Civ. Proc., sec. 891.)

In *Lynch* v. *Kelly*, 41 Cal. 232, a sale of real property had been made under an execution issued by a justice of the peace, which recited that a judgment had been rendered by him, but in fact only the verdict of the jury had been entered in his docket. It was claimed that the sale was void because no judgment was ever entered in form upon the verdict, but the court held otherwise. Speaking for the court, Wallace, J., said:—

" The justice, upon receiving the verdict, was required by statute to 'immediately render judgment accordingly.' The formal entry of the judgment was therefore a mere clerical duty imposed upon him by the statute, and the performance of which he had no discretion to decline. He might have been compelled to make the proper entry in his docket by judicial proceedings instituted against him for that purpose by the plaintiff, and it may be conceded that to issue an execution before judgment entered in form upon the verdict would be bad practice, and that a timely motion by the defendant to set it aside for that reason should be supported. That would be so, however, not because such an execution would be void, but because it would be irregular merely. And a failure to make the objection would, of course, amount to a waiver of the irregularity."

*Felter* v. *Mulliner*, 2 Johns. 181, was referred to approvingly, where a plea of former judgment in favor of the defendant was held to be supported by proof of a verdict in his favor, upon which the justice of the peace ought to have rendered judgment, but had omitted to do so.

The following language by the Supreme Court of Michigan was also cited from *Gaines* v. *Betts*, 2 Doug. 99: "The verdict is itself the judgment of the law in the

case, and the justice is simply required so to make the entry on his docket. If he neglected to do so, still the verdict must be considered the final determination of the case."

If an execution issued after verdict, but before judgment has been formally entered, be not void, we fail to see why an appeal taken as it was here should not be upheld.

The writ should be denied.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the writ is denied.

Rehearing denied.