## PORTER v. PARKER.

1. JUSTICE'S COURT—VERDICT OF JURY—JUDGMENT ON—MINISTERIAL ACT—APPEAL WILL LIE.

The entry of judgment by a justice of the peace, upon the verdict of a jury, under our code, is a merely ministerial act. The verdict of the jury in such case being itself the judgment of the law, an appeal will lie without the formal entry in the justice's docket of a judgment.

Filed May 14, 1887.

The facts are as cited in the opinion.

*Flannery & Cook*, for plaintiff and appellant.

*John E. Carland, Fort & Fort*, for respondent.

No brief on file.

PALMER, J. This action was commenced in a justice of the peace court, there tried by a jury, and verdict rendered for the defendant. The plaintiff appealed upon questions of both law and fact, and demanded a new trial in the district court. No criticism is made as to the regularity of the proceedings on appeal from the justice to the district court, except that the transcript of the justice's docket fails to show the rendition of

a judgment by that tribunal; and for that reason it is insisted the district court obtained no jurisdiction of the case. Briefly stated, it may be said: The cause in the justice's court was tried by a jury, and the following verdict rendered; "We, the undersigned jurors do hereby render a verdict in behalf of the defendant. WILLARD WATSON, Foreman." No objection was made to the form of the verdict, and the same was duly entered upon the justice's docket. There was no further formal rendition or entry of judgment. From that judgment, such as it was, the plaintiff appealed to the district court. The necessary papers were transmitted, and the cause appears regularly upon the calandar of that court for trial. Both parties appear by attorney in the district court, and, in the regular course of the proceedings there, the cause was reached for trial. A jury was regularly empaneled in the case, and the first witness for the plaintiff was called and sworn. At this point counsel for defendant objected to the introduction of any evidence on the part of the plaintiff. "on the ground that the court had no jurisdiction of the action, for the reason that no judgment was ever rendered on the verdict of the jury by the justice of the peace from whose court the action was pretended to be appealed." The district court thereupon offered the use of a writ of *certiorari* to bring up the judgment, if any had been rendered by the justice of the peace in addition to what appeared from the transcript filed in the district court. The plaintiff elected to stand upon the record as thus made, and the objection to the evidence was sustained, a judgment of dis-missal for want of jurisdiction to hear and determine the case in the district court was duly entered, and the jury discharged. The plaintiff brings the case to this court for review.

It will thus appear that two questions are presented by this appeal. First. Does the record from the justice's court show such an adjudication and determination of the rights of the parties in that forum that an appeal duly perfected would bring to and confer upon the district court the jurisdiction to try the the case *de novo?* Second. If no such determination and judgment was reached in the justice's court, did the dis-

trict court acquire jurisdiction of the person and the subject-matter of the action by the appearance of the plaintiff, the proceeding to trial, the empaneling of the jury, and swearing of a witness in the case?

As to the second proposition, while it may be laid down as a general rule that no act or consent of the parties can confer jurisdiction of the subject-matter of an action upon a tribunal who has not otherwise acquired such jurisdiction, yet it is equally settled that, when a party seeks to take advantage of want of jurisdiction, he must object on that ground alone, and keep out of court for every other purpose; and that a defect of jurisdiction over parties is waived by the general appearance in the case. And, as the question of waiver by appearance must always depend so largely upon the fact in each individual case, it is not considered necessary at this time to express our opinion as to the effect of the appearance and proceedings in the district court, as the more important question first presented is conclusive of this case. Was there an adjudication and determination of the rights of the parties in the justice's court, and a sufficient judgment rendered from which an appeal will lie? Any party dissatisfied with a judgment rendered in a civil action in a justice's court may appeal therefrom to the district court, etc. Section 89, Justice's Code. Section 64 of the same Code provides that, when a trial by jury has been had, judgment must be entered by the justice at once, in conformity with the verdict. Section 83 provides that a justice must enter in his docket the verdict of the jury, and the same section further provides that he must also enter the judgment of the court, specifying the costs, etc. The justice seems to have entered in his docket the verdict of the jury, but failed to enter a formal judgment; except in the bill of costs, which were regularly entered upon his docket with the entry of the word "judgment" against the sum allowed by statute to such officer for the formal entry of judgment in such cases. If such a proceeding was, in legal effect, a judgment rendered, then the trial court erred in dismissing the case on motion, as appears from the record. It

will be borne in mind that this case was tried by jury, and their verdict duly rendered to the justice of the peace.

The provision of the Code above cited provides what the justice must then do, viz., enter the verdict of the jury, and when received. When that was done, the justice of the peace had no further judicial power or discretion over it. The rights of the parties had been adjudicated by and determined by the regularly constituted tribunal, a justice jury, and the result of their deliberations duly returned and recorded. The justice could in no respect modify it, or set it aside. The only judicial act left to him pending the appeal was concerning the costs; and this respect the justice seems to have entered them in accordance with Section 83 of the Justice's Code.

The identical question here presented seems to have before the New York court of appeals in Stephens v. Santee, 49 N. Y. 35; and in discussing this question Mr. Justice GROVER used the following very pertinent language, as to the legal effect to be given to the verdict of the jury in a case thus tried before a justice of the peace. He says: "The law made a judgment for this amount (the amount of the verdict) the only one that could be rendered by the justice. His judicial functions in respect to the case were terminated. An entry, preceding the statement of this amount, of judgment for plaintiff, would in no respect be the exercise of judicial power, but the performance of a mere ministerial act. To hold that the omission to make this entry rendered the entire proceedings in the action a nullity would be sacrificing substance to form, and giving too much weight to technicality. This entry might have been made by the justice at any time, and should, for the purpose of sustaining the proceedings, be regarded as made. In the exercise of judicial functions, the case is entirely different. When the case is tried by the justice without a jury, he is judicially to determine the amount of the recovery; and he must do this, and make an entry thereof as required by law, within the time fixed by statute for that purpose. After the expiration of this time, his judicial functions in respect to the matter cease, and he can do nothing further in the premises."

The above seems such a clear, concise, and comprehensive statement of the law governing the question presented in the case at bar that we can hardly do better than to adopt it as our own; especially as we find, upon comparison, that Sections 110 and 124 of the Revised Statutes of New York, which the learned court there was construing, are substantially identical with the provisions of our own code above referred to. The statute of Missouri was as follows: "That upon the return of a verdict, the justice shall give judgment thereon, with costs, and the appeal shall be taken within ten days after."

With that statute in force, a verdict was rendered for the plaintiff on the twenty-third day of October, and the formal entry of the judgment by the justice of the peace upon his docket was not made till the ninth day of November following; and on the tenth day of November the defendant appealed, and the validity of the proceeding was called in question in the district court, as in the case at bar. The case passed to the supreme court, and the following language was used by Mr. Justice TOMKINS, speaking for the court: "The court is inclined to give the effect of a judgment to the verdict so soon as it is entered on the justice's docket. Justices of the peace have no such control over verdicts as judges of the courts of record have, nor is it proper that they should have. After the entry of the verdict on the docket, they have no discretion to exercise, and the neglect to make the entry of the words 'judgment for plaintiff' on the docket could not injure the defendant." And the appeal was dismissed as not having been taken in time. Rutherford v. Wim, 3 Mo. 13. The doctrine of the above case was cited with approval in Davis v. Wood, 7 Mo. 165; Cason v. Tate, 8 Mo. 45; Franse v. Owens, 25 Mo. 334; Morse v. Brownfield, 27 Mo. 224.

In Lynch v. Kelly, 41 Cal. 232, Mr. Justice WALLACE, in speaking upon this subject, said of the California statute: "The justice, upon receiving the verdict, was required by statute to immediately render judgment accordingly;" and then, in announcing the law of the case, said: "The formal entry of

the judgment was therefore a mere clerical duty imposed upon him by the statute, and the performance of which he had no discretion to decline."

The same doctrine was reiterated by BELCHER, C. C., in Montgomery v. Superior Court, an opinion filed January 27, 1886, and reported in 9 Pac. Rep. 720: "The verdict is itself the judgment of the law in the case, and the justice is simply required so to make the entry upon his docket. If he neglects to do so, still the verdict must be considered the final determination of the case." Gaines v. Betts, 2 Doug. (Mich.) 99. See, also Felter v. Mulliner, 2 Johns. 181.

We are therefore of the opinion that the cause was properly in the district court for trial, and its dismissal was error. In reaching this conclusion we disclaim any intention of relieving, by judicial construction, justices of the peace from a strict compliance with the provisions of the Justice's Code defining their duties, while exercising the responsible and honorable trust which is imposed upon them by the people, and which, when they accept, they should have some pride in performing in the manner plainly prescribed by the statute. Ministerial acts required by law of officers of this class are not to be ignored, thereby imposing heavy and unwarranted expense and trouble upon litigants, who have a right to expect, at the hands of courts of justice, not only fair and impartial judicial treatment, but a correct performance of the ministerial duties of such officer, especially when such duties are in words prescribed by the law under which they act.

Judgment is reversed, and a new trial ordered. All the justices concerning.