[S. F. No. 985.   Department One.—June 9, 1897.]

KATHRYN J. McHUGH, Respondent, v. GERALD D. ADKINS, et al., Appellants.

Appeal from Judgment Taken Before Entry—Dismissal.—An appeal perfected before the entry of the judgment, is prematurely taken, and must be dismissed.

Id.—Review of Evidence— Rendition of Judgment.—The provision that the evidence cannot be reviewed on appeal from the judgment, unless it is taken within sixty days after its rendition, does not change the time within which the appeal must be taken, but is only a limitation upon the matters that may be considered upon the appeal.

Motion in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Linforth & Whitaker*, and *Lucius L. Solomon*, for Appellants.

*O. C. Pratt*, for Respondent.

The Court.—Motion to dismiss the appeal.

The findings of fact and conclusions of law made upon the trial of the above action were filed with the clerk May 1, 1897, and judgment ordered in favor of the plaintiff and against the defendants and intervenor. On the same day the defendants and intervenor filed notices of appeal from this judgment, and also perfected their appeals. Judgment was not entered of record until May 3d. A motion is now made by the plaintiff to dismiss the appeal, upon the ground that it was taken prematurely.

At the time this notice of appeal was given, section 939 of the Code of Civil Procedure provided that an appeal from a judgment might be taken within one year "after the *entry* of judgment," and it has been repeatedly held that an appeal taken before the judgment is entered of record, is premature, and must be dismissed. (*Home for Inebriates* v. *Kaplan*, 84 Cal. 488,

and cases there cited.)   The further provision in the same section, that "an exception to the decision or verdict on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the *rendition* of the judgment," does not change the time within which the appeal must be taken, but is a limitation upon the matters that may be considered on the appeal.   This court has no jurisdiction of an appeal from a judgment taken before the judgment has been entered of record, and, while it may review any errors of law committed at the trial, when the appeal has been properly taken, its jurisdiction to review the evidence is limited to such appeals as are taken within sixty days after the rendition of the judgment.

The appeals are dismissed.