[S. F. No. 5821.   In Bank.—November 9, 1911.]

HENRY T. THOMSON, Petitioner, v. SUPERIOR COURT
OF THE COUNTY OF MENDICINO, and HON. J. Q.
WHITE, Judge thereof, Respondents.

JUSTICE'S COURT—ENTRY OF JUDGMENT ON VERDICT—ENTRY OF VERDICT
WILL NOT SUPPORT APPEAL.—Under section 893 of the Code of Civil
Procedure, as the same was amended in 1907, providing that the
judgment of a justice of the peace must be entered substantially in
the form required in section 667 and that "no judgment shall have
effect for any purpose until so entered," the entry of the verdict of
a jury by the justice in his docket is not the entry of the judgment
and will not support an appeal to the superior court taken from the
judgment.

ID.—APPEAL FROM JUDGMENT PRIOR TO ENTRY IS PREMATURE—JURIS-
DICTION OF APPEAL.—In an action tried before a jury in a justice's
court an appeal from the judgment, under section 974 of the Code
of Civil Procedure, which is taken after the entry of the verdict but
before the entry of the judgment, is premature, and the superior
court does not acquire jurisdiction thereof.

ID.—FORM OF JUDGMENT—ENTRY ESSENTIAL.—In such an action, while
the justice is not required to formulate a judgment with that par-
ticularity required of judgments entered in the superior court, still
it is essential to a substantial compliance with the statute that he
make some entry in his docket showing that he has rendered judg-
ment on the verdict.

ID.—RENDITION OF JUDGMENT EQUIVALENT TO ENTRY.—A judgment in a
justice's court is not "rendered," as that word is used in section
974 of the Code of Civil Procedure, until it is "entered" in the
justice's docket, or can legally be held to be entered.  There is no
other way of "rendering" a judgment in such a court.

APPLICATION for a Writ of Certiorari directed to the
Superior Court of Mendocino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

Preston & Preston, for Petitioner.

McNab & Hirsch, for Respondents.

MELVIN, J.—A writ of *certiorari* was issued from this
court directed to the superior court of Mendocino County and
the judge thereof, requiring the certification here of the pro-

ceedings in the case of Ed. Gibson *v*. Henry T. Thomson et al., appealed to the said superior court from the justice's court of Round Valley Township, county of Mendocino. In his petition Thomson prayed for a writ of *certiorari* and for mandate to compel the setting of the appealed case for trial in the superior court.

The action in the justice's court was in claim and delivery. Trial was had before a jury and a verdict in favor of the plaintiff was rendered on June 25, 1910. On the same day the justice of the peace made an entry in his docket as follows:—

"June 25. Court called and a jury of twelve men sworn to try the case. After hearing the evidence they brought in a verdict for plaintiff for the return of the horse or $100.00 in lieu thereof, and costs of suit."

On June 27th plaintiff served and filed his memorandum of costs. On June 30th defendant Thomson's attorneys prepared his notice of appeal to the superior court and served it upon plaintiff. Thomson's attorneys also caused an undertaking on appeal in the sum of three hundred dollars to be prepared. About July 18th the notice of appeal was sent to the justice of the peace by the attorneys for Thomson, accompanied by a letter, in which he was requested to make sure that the judgment was entered as of June 25, 1910, and to file the notice of appeal before filing the bond. Similar directions were sent with the form of appeal-bond to the defendant, who caused it to be signed by two sureties. It was then given to the justice for filing. The undertaking, however, was filed July 18, 1910, and the notice of appeal on July 20th, nineteen days after service of said notice on the plaintiff. On the fifteenth day of August, 1910, the justice of the peace entered in his docket a formal judgment.

These proceedings were duly certified to the superior court, and respondent in that cause moved said court to dismiss the appeal upon the grounds that: 1. It was premature, as no judgment had been entered on June 25, 1910, and no appeal had been taken within thirty days after the entry of judgment of August 15, 1910; and that; 2. No undertaking on appeal had been filed with the justice of the peace. The motion was granted upon both grounds, the court basing the ruling as to the second ground upon the circumstance that the undertaking was filed before and not within thirty days after the filing of

the notice of appeal. The superior court also denied appellant Thomson's motion to set the cause for trial. In the answer to the petition herein, counsel for respondent point out the fact that the undertaking on appeal, although it contains a form of verification signed by both sureties, shows no signature to the jurat by the justice of the peace, or any other person empowered to administer and certify oaths.

The most important question for consideration is whether or not the entry of the verdict by the justice of the peace on June 25, 1910, was a sufficient compliance with the law's requirement that the judgment shall be entered. Section 893 of the Code of Civil Procedure provides that, "The judgment of a justice of the peace must be entered substantially in the form required in section 667, and where the defendant is subject to arrest and imprisonment thereon, the fact must be stated in the judgment. No judgment shall have effect for any purpose until so entered." The last sentence was added to the section in 1907. Respondent contends that by the addition of the final sentence the legislature intended to place appeals from justices' courts upon the same footing as those taken from judgments of the superior court, and to make the section above quoted analogous to section 664 of the same code. He insists, therefore, that an appeal taken from a judgment in a justice's court prior to the final entry of such judgment is premature and must be dismissed (citing *McHugh* v. *Adkins,* 117 Cal. 228, [49 Pac. 2]; *Bell* v. *Staacke,* 137 Cal. 307, [70 Pac. 171]; *Estate of More,* 143 Cal. 493, [77 Pac. 407]). In reply to the contention that the memorandum of the jury's verdict in the docket is practically an entry of the judgment, he insists that since section 667 of the Code of Civil Procedure, to which reference is made by section 893 of the same code, prescribes the form of a judgment the form has become substance (citing *Simmons* v. *McCarthy,* 118 Cal. 624, [50 Pac. 761]). Our attention is also called to the fact that the justice is required to enter in his docket separately "the verdict of the jury and when received" and "the judgment of the court, specifying the costs included and the time when rendered." (Code Civ. Proc., sec. 911, subds. 8 and 9.)

Petitioner calls our attention to *Lynch* v. *Kelly,* 41 Cal. 233, and *Montgomery* v. *Superior Court,* 68 Cal. 407, [9 Pac. 720], as having settled the question here presented. But respondent

insists that those decisions are not now in point, because they dealt with the law as it existed before the mandatory provision contained in the last sentence of section 893 of the Code of Civil Procedure had become a part of that section. The former case was one in which there was an attempt to set aside a sale made under an execution issued from a justice's court on the ground that no formal entry of judgment had been made prior to the issuance of execution. Whether there could be an appeal from a judgment when no judgment had been entered was not considered. The case of *Montgomery* v. *Superior Court*, 68 Cal. 407, [9 Pac. 720], was considered by the district court of appeal of the third appellate district in the recent case of *June* v. *Superior Court*, 16 Cal. App. 126, [116 Pac. 293]. The court was considering a case exactly like the one before us in the particular that an attempted appeal from a judgment of a justice's court had been dismissed for want of jurisdiction where the transcript of the justice's docket showed only an entry of the verdict of the jury. The court by Mr. Presiding Justice Chipman said:—

"Section 974, Code of Civil Procedure, provides that: 'any party dissatisfied with a judgment rendered in a civil action in a police or justice's court, may appeal therefrom to the superior court of the county, at any time within thirty days after the rendition of the judgment.' And the notice must state whether 'the appeal is taken from the whole or a part of the judgment.'

"Section 891, Code of Civil Procedure, reads: 'When a trial by a jury has been had, judgment must be entered by the justice at once, in conformity with the verdict.' And the judgment 'must be entered substantially in the form required in section six hundred and sixty-seven. . . . No judgment shall have effect for any purpose until so entered.' (Sec. 893, Code Civ. Proc.)

"It seems to us that the appeal was prematurely taken and that the superior court did not acquire jurisdiction thereby. *Montgomery* v. *Superior Court*, 68 Cal. 407, [9 Pac. 720], is cited by petitioner in support of the claim that the verdict was a judgment within the meaning of the statute. In that case the justice's docket contained the following entry: 'Jury fees paid by defendant and judgment entered for the defendant for costs of suit. Defendant's costs being $25, for witness and

jury fees, and also the sum of $1.75 for constable fees, total $26.75. Plaintiff's costs being $17.' It further appears that the petitioner went to trial in the superior court and, without objection to the regularity of any proceedings, defended the case on its merits. Said the court: 'Having thus taken the chances of obtaining a verdict in his favor, we think his objection now comes too late.' It was also held that the court had jurisdiction because the justice's record showed 'that a judgment had been entered in conformity with the verdict, and appears to be in all respects regular and sufficient.' We do not think that the justice must formulate a judgment with that particularity required of judgments required to be entered in the superior court, but that he should make some entry in his docket showing that he has rendered judgment on the verdict we do think is essential to a substantial compliance with the statute. His duty to enter judgment is in a sense ministerial, and its performance could probably be enforced by mandate, but, nevertheless, the statute requires this of him. Until such entry is made there is no judgment from which an appeal may be taken and, if the appeal is taken before the justice enters judgment on the verdict, it confers no jurisdiction on the superior court."

We see no escape from the conclusion reached in the above case.

Our attention has been called to the difference between section 939 of the Code of Civil Procedure and section 974 of the same code, the one providing that an appeal from a judgment in a court of record may not be taken until after the *entry* of judgment, while the time for an appeal from a judgment in a justice's court begins to run upon its *rendition.*

We think it is apparent from an examination of the section of our code relating to justices' courts, that a judgment therein is not "rendered" until it is "entered," or can legally be held to be "entered." There is no other way of "rendering" a judgment in such a court. (See secs. 891, 892, and 893, Code Civ. Proc.) It is in this sense that the word should be held to be used in section 974 of the Code of Civil Procedure. Doubtless it is the justice's duty to enter the judgment promptly. (Code Civ. Proc., sec. 891.) But until he does so, there is no "rendition" of the judgment, in the sense used in section 974. If he refuse, he may be compelled to act.

Our conclusion upon the point discussed above makes it unnecessary to review the other questions presented by the record.

Let the writ be dismissed.

Angellotti, J., Lorigan, J., Sloss, J., Shaw, J., and Henshaw, J., concurred.