[Civ. No. 3845.   Second Appellate District, Division Two.—May 22, 1922.]

## WARREN E. WRIGHT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] JUSTICES' COURTS—"RENDITION" OF JUDGMENT—FILING NOTICE OF APPEAL—TIME.—A judgment is "rendered" in an action in a justice's court when the justice makes entry in his docket of the fact that judgment has gone for one party or the other, and not when he gives notice of the rendition of the judgment as required by section 893 of the Code of Civil Procedure, and a notice of appeal filed more than thirty days after the making of such entry is filed too late.

[2] ID.—TIMELY APPEAL—FAILURE TO FILE MORATORIUM AFFIDAVIT—IMMATERIALITY.—The failure to file a moratorium affidavit in a justice's court action is immaterial to the question as to whether the appeal from the judgment in the action was prosecuted in time.

APPLICATION for a Writ of Prohibition to prevent further proceedings in a Justice's Court appeal.   Granted.

The facts are stated in the opinion of the court.

Holcomb & Holcomb for Petitioner.

David R. Faries and John R. Berryman, Jr., for Respondent.

WORKS, J.—This is an application for a writ of prohibition.  Petitioner was plaintiff in an action pending in the justice court and procured judgment against defendant therein.  More than thirty days after the justice had tried the cause and had made the entry in his docket, "Judgment for plaintiff" for a certain amount and costs, defendant in the action filed his notice of appeal from the judgment.  Respondent court denied a motion to dismiss the appeal.  Petitioner, contending that the motion should have been granted, seeks now to prohibit respondent from proceeding further with the action.  An alternative writ of prohibition was issued upon the filing of the petition and

the present question is whether the writ shall be made peremptory.

[1]    Section 974 of the Code of Civil Procedure, as it stood when the justice made the above-mentioned entry in his docket and when the notice of appeal by the defendant from the judgment of the justice was filed, provided that "Any party dissatisfied with a judgment rendered in a civil action in a police or justice's court, may appeal therefrom to the superior court of the county, at any time within thirty days after the rendition of the judgment"; and it was decided in *Thomson* v. *Superior Court,* 161 Cal. 329 [119 Pac. 98], that a judgment is "rendered" in an action in a justice court when the justice makes entry in his docket of the fact that judgment has gone for one party or the other. Respondent contends, however, that section 893 of the Code of Civil Procedure, as it was amended after the decision in *Thomson* v. *Superior Court,* changed the law as before that amendment it had stood in section 974; in other words, that the amended section 893 operated to amend 974. The matter in section 893 which is supposed to have worked this change in the law is embraced in the sentence, "Notice of the rendition of judgment must be given to the parties to the action in writing signed by the justice," the statement being followed by language directing how the notice is to be given. The contention of respondent is that, under the amended section 893, a judgment is not rendered by a justice until he has given the notice required by the sentence which we have quoted. This contention, surely, finds its refutation in the sentence itself. A justice is required by it to give notice "of the rendition of judgment," that is, he is to give notice of a past and completed transaction. It is as if the legislature had required him to give notice "that he has rendered judgment." We are satisfied that the notice of appeal was filed too late.

[2]    Respondent alleges in his answer to the petition that no moratorium affidavit was filed in the action in the justice court and contends in his brief, as if the contention could affect the question now before us, that the justice had no jurisdiction to render judgment without the filing of such an affidavit. The failure to file the affidavit could

in no way affect the question whether the appeal to respondent court was prosecuted in time.

A peremptory writ of prohibition will issue as prayed.

Finlayson, P. J., and Craig, J., concurred.