## SWIFT vs. CORNES.

*Judgment in justice's court, what constitutes—Revenue stamp—Notice of appeal.*

1. In an action of unlawful detainer against a tenant holding over after expiration of his term, the jury in a justice's court found "in favor of the plaintiff," and the justice merely made an entry that "the court renders judgment according to the verdict." *Held*, that there was no judgment.
2. An appeal from a judgment of a justice of the peace should not be dismissed because there is no revenue stamp on the notice of appeal.
3. But where an appeal was improperly dismissed on that ground, the judgment of dismissal is nevertheless affirmed on its appearing that there was properly no judgment in the justice's court to appeal from.

ERROR to the Circuit Court for *Dane* County.

*J. C. Hopkins*, for plaintiff in error.

*Wm. Powell* and *E. & C. T. Wakeley*, for defendant in error.

DIXON, C. J. The defendant in error, *Cornes*, commenced an action of unlawful detainer against *Swift* in a justice's court, to recover possession of certain premises, which, it was alleged, *Swift* was holding over after the expiration of the term for which they had been let to him. Upon trial before the justice and a jury, the jury found a verdict for the plaintiff in these words : " We, the jury, find a judgment in favor of the plain-

tiff." The justice thereupon made an entry in his docket in these words: "Jury returned a written verdict in favor of plaintiff—on file. Court renders judgment according to verdict." This is the only entry purporting to be the entry of judgment before the justice. *Swift* appealed to the circuit court, where, upon motion of *Cornes*, his appeal was dismissed for want of a revenue stamp upon the notice of appeal, and then this writ of error was sued out upon the judgment of dismissal. Although we cannot approve the reason for which the circuit court dismissed the appeal, yet we are of opinion that the decision was right, and must be sustained upon another ground. It is, that there was no judgment before the justice of the peace, from which an appeal could be taken. The statute requires the justice in such cases "to enter judgment for the plaintiff, to have restitution of the premises," &c. The entry in this case is not a judgment. It is simply a void proceeding. *Beemis v. Wylie*, 19 Wis., 318, and cases there cited.

*By the Court.*—Judgment of dismissal affirmed.