John Schaefer, Appellee, v. C. W. Whitman & Son, Appellant.

**Justice of the peace:** WRIT OF ERROR: UPON WHAT DETERMINED. The hearing on a writ of error to a justice of the peace must be confined to the return made by the justice, it can not be determined upon affidavits impeaching the return and counter affidavits supporting it; the statute authorizing amendment of the return does not contemplate a hearing upon affidavits but upon the return.

**Sale of goods on commission:** EVIDENCE: STATUTE OF FRAUDS. In a suit by an agent against his principal for a commission on the sale of goods, orders signed by the purchasers of the goods are only collaterally involved, and the statute of frauds has no application to the question of their admissibility in evidence.

*Appeal from Jefferson District Court.*—HON. FRANK W. EICHELBERGER, Judge.

TUESDAY, FEBRUARY 15, 1910.

APPEAL from an order of the district court dismissing a writ of error from a justice of the peace to the said district court.—*Affirmed.*

*Ralph H. Munroe,* for appellant.

*Crail & Crail,* for appellee.

DEEMER, C. J.—Plaintiff brought action before a justice of the peace to recover the sum of $26.45 as commissions claimed to have been earned by him in acting as defendant's agent for the sale of potatoes. His action was based upon a parol contract to pay him five cents per bushel for all potatoes sold or for which he found purchasers from whom he took orders. Defendant's answer was a general denial. A trial was had to a jury, resulting in a verdict for plaintiff in the full amount claimed. Plaintiff thereupon remitted all in excess of $24.45, and judgment for the latter amount was rendered against the defendant. Thereupon defendant sued out a writ of error to the district court from the action of the justice in permitting the introduction of certain testimony. The justice made return to this writ and defendant filed a denial of the justice's return, supported by affidavits. To this plaintiff filed counter affidavits. Defendant then offered to produce witnesses in support of his denial. The trial court held that the justice's return could not be impeached by affidavit or oral testimony, and that the return made by the justice showed no error. Appellants now contend that the trial court erred upon both propositions.

   It is fundamental that the hearing must be had upon

the return made by the justice, and thav affiaavits can not be considered. True, the statute provides for an amended return when the first is not full and complete (Code, section 4574), but this does not mean that the hearing may be upon affidavits, instead of the amended return. *Printing Co. v. Walsh,* 127 Iowa, 502; *Lane v. Goldsmith,* 23 Iowa, 240; *Stone v. Murphy,* 2 Iowa, 35. Moreover, if it be conceded that defendant filed its affidavit in support of an application for an amended return, the court was justified, in view of the counter showing, in denving the application for an amended return.

*1. Justice of the peace: writ of error: upon what determined.*

The question for the trial court to decide appears from the following return made by the justice: "Plaintiff was sworn, and stated that he was employed by defendants to sell potatoes for them for which he was to receive five cents per bushel for all potatoes he would sell for them. In his pleading he filed an itemized statement of the number of bushels he sold for them. He also offered in evidence the individual orders he had taken to prove his itemized statement. Defendant objected. Objection was overruled by the court on the ground that the objection was not good as to plaintiff because he was not one of the parties to the contract, but a third party. The court did hold that defendants were the parties charged, they being the party against whom an effort is being made to enforce the contract. . . . The defendants in all their objections acted as if this was an action brought by the parties who had given their agent orders for potatoes against defendants for nondelivery of the potatoes. They seemed not to realize that it was an action brought by their agent to enforce payment of commissions they owed him for work performed for them. . . . The defendant in all his objections never failed to refer to section 4625 of the Code

*2. Sale of goods on commission: evidence: statute of frauds.*

and his objections were worded as set out in his bill of exceptions."

It seems from this that to support his claim for commissions plaintiff was permitted to introduce various orders taken by him for potatoes, which orders were signed by the purchasers. Defendants objected to the offer of these orders because they were within the statute of frauds, and for no other reason. Even were this an action against the purchasers, they could not rely upon the statute for they signed the orders, and they would be the parties sought to be charged. *Nebraska Co. v. Conway,* 127 Iowa, 237. But as the action is not upon the orders, but against plaintiff's principal for a commission, the orders are only collaterally involved, and the statute of frauds does not apply. *McNaughton v. Smith,* 136 Mich. 368 (99 N. W. 382); *Michels v. West,* 109 Ill. App., 418.

The merits of the case can not, of course, be considered on this appeal.

No error appears and the order of the district court is *affirmed.*