(March 28, 1922.)

F. C. DALTON, Doing Business Under the Name and Style of RED DALTON'S REPAIR SHOP, Respondent, v. Y. H. ABERCROMBIE, Appellant.

[206 Pac. 1051.]

APPEAL AND ERROR — JUSTICES' PRACTICE — FINAL JUDGMENT — RENDITION.

    1. Under C. S., sec. 7179, an appeal may be taken from a final judgment in a civil action in a justice's court within thirty days after the rendition thereof.

    2. A final judgment in a civil action in a justice's court is not rendered until the entry thereof in the docket.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Order of the district court dismissing appeal from the justice's court. *Affirmed.*

J. C. Johnston, for Appellant.

The jury pass upon all the facts and law of the case, and the justice cannot do or perform anything in the case but a ministerial duty, and his failure to spread the judgment

rendered by the verdict of the jury in his docket cannot change the judgment rendered by the verdict of the jury, and which the law says is a final determination of the cause of action by the jury. (17 Am. & Eng. Ency. of Law, 768; 18 Am. & Eng. Ency. of Law, 44, 45; *Lynch v. Kelly,* 41 Cal. 232; *Felter v. Mulliner,* 2 Johns. (N. Y.) 181; *Gaines v. Betts,* 2 Doug. (Mich.) 98, 99; *Montgomery v. Superior Court,* 68 Cal. 407, 9 Pac. 720; 2 Spelling, New Trials and Appeals, sec. 543; 2 Hayne, New Trial and Appeal, p. 932, sec. 183.)

"A judgment is as final when pronounced by the court as when it is entered and recorded by the clerk as required by the statute. The judgment is the judicial act of the court; the entry is the ministerial act of the clerk." (*California State Tel. Co. v. Patterson,* 1 Nev. 150; *Kehoe v. Blethen,* 10 Nev. 445; *Sieber v. Frink,* 7 Colo. 148, 2 Pac. 901; *In re Cook,* 77 Cal. 220, 11 Am. St. 267, 17 Pac. 923, 19 Pac. 431, 1 L. R. A. 567; *Huntington v. Town of Charlotte,* 15 Vt. 46; *Packet Co. v. Bellville,* 55 W. Va. 560, 47 S. E. 301; *Stephens v. Santee,* 49 N. Y. 35; *Conwell v. Kuykendall,* 29 Kan. 707.)

"The omission properly to record the verdict is a mere irregularity which does not destroy the validity of the judgment, until it be set aside." (*Gunn v. Plant,* 94 U. S. 664, 24 L. ed. 304; 1 Black, Judgments, p. 157, sec. 110; *Waters v. Dumas,* 75 Cal. 563, 17 Pac. 685.)

For distinction between rendition and entry, see 1 Black on Judgments, p. 1, sec. 106.

E. P. Barnes, for Respondent.

The appeal was prematurely taken in that no judgment was rendered until February 4, 1920, whereas the pretended appeal was prosecuted January 20, 1920. (3 C. J., Appeal and Error, sec. 462, pp. 612, 613, and cases cited in note 25.)

The review of a judgment of a justice of the peace is regulated exclusively by statute. A party wishing to appeal from a judgment of a justice of the peace must pursue the

statutory method strictly. (16 R. C. L., Justices of the Peace, pp. 401, 402.)

The statutes clearly distinguish between "verdict" and "judgment." (C. S., secs. 7112, 7114, and 7132.)

The points raised have been flatly decided by our own court and by the California courts under statutes very similar to our own and in no respect distinguishable in so far as the principle involved is concerned. (*Grey v. Cederholm*, 2 Ida. 34, 3 Pac. 12; *Durant v. Comegys*, 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *Hodgins v. Harris*, 4 Ida. 517, 43 Pac. 72; *Santti v. Hartman*, 29 Ida. 490, 161 Pac. 249; *June v. Superior Court*, 16 Cal. App. 126, 116 Pac. 293; *Thomson v. Superior Court*, 161 Cal. 329, 119 Pac. 98; *Shriver v. Superior Court* (Cal. App.), 192 Pac. 124.)

RICE, C. J.—This is an appeal from an order of the district court dismissing the appeal of this cause from the justice's court on the ground that it was taken prematurely. The cause was tried before a jury in the justice's court on January 13, 1920. The verdict was filed, but not at that time entered upon the docket. Notice of appeal to the district court was filed and served January 20, 1920. The justice before whom the case was tried died January 30, 1920. On February 4, 1920, his successor in office entered the verdict and a formal judgment thereon, including costs, upon the docket.

C. S., sec. 7179, is in part as follows: "Any party dissatisfied with a judgment rendered in a civil action in a probate or justice's court may appeal therefrom to the district court of the county at any time within 30 days after the rendition of the judgment. . . . . "

C. S., secs. 7112, 7113 and 7114, are as follows:

"Sec. 7112: When a trial by jury has been had, judgment must be entered by the court at once, in conformity with the verdict."

"Sec. 7113: When a trial is by the court, judgment must be entered at the close of the trial."

"Sec. 7114: The judgment must be entered substantially in the form required by this code. When the judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon the fact that the defendant is so subject must be stated in the judgment."

Before an appeal will lie from a justice's court to the district court, a final judgment in the cause must have been rendered. The distinction between the "rendition" and "entry" of a judgment is of course well understood. (*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *Gray v. Palmer,* 28 Cal. 416.)

· California had statutes practically identical with those quoted above until the year 1907. In that year, section 893 of the Code of Civil Procedure (which corresponds with our section 7114) was amended by adding thereto the following sentence: "No judgment shall have effect for any purpose until so entered."

In the case of *Thomson v. Superior Court,* 161 Cal. 329, 119 Pac. 98, the supreme court of California had under consideration the question of when a judgment in the justice's court has been rendered so that an appeal therefrom will lie. The court said:

"Our attention has been called to the difference between section 939 of the Code of Civil Procedure and section 974 of the same code, the one providing that an appeal from a judgment in a court of record may not be taken until after the *entry* of judgment, while the time for an appeal from a judgment in a justice's court begins to run upon its *rendition.*

"We think it is apparent from an examination of the section of our code relating to justices' courts, that a judgment therein is not 'rendered' until it is 'entered,' or can legally be held to be 'entered.' There is no other way of 'rendering' a judgment in such a court. (See secs. 891, 892, and 893, Code Civ. Proc.) It is in this sense that the word should be held to be used in section 974 of the Code of Civil Procedure. Doubtless it is the justice's duty to enter the judgment promptly. (Code Civ. Proc., sec.

891.)　But until he does so, there is no 'rendition' of the judgment, in the sense used in section 974.　If he refuse, he may be compelled to act."

Counsel for appellant insists that this holding was rendered necessary by the amendment of 1907, above quoted, but we do not so understand the language of the court. (See, also, *June v. Superior Court,* 16 Cal. App. 126, 116 Pac. 293; *Hargrove v. Turner,* 108 Ga. 580, 34 S. E. 1.)

There are authorities to the effect that in a justice's court the verdict of the jury constitutes the judgment.　In the case of *Gaines v. Betts,* 2 Doug. (Mich.) 98, the supreme court of Michigan said: "The verdict is itself the judgment of the law in the case, and the justice is simply required to make the entry on his docket.　If he neglects to do so, still the verdict must be considered the final determination of the case."

See, also, *Overall v. Pero,* 7 Mich. 315; *Lynch v. Kelly,* 41 Cal. 232; *State ex rel. Hanke v. Myers,* 70 Minn. 179, 68 Am. St. 521, 72 N. W. 969; *Stemmons v. Carey,* 57 Mo. 222; *Munday v. Clements,* 58 Mo. 577; *Giett v. McGannon Merc. Co.,* 74 Mo. App. 209; *Davis v. Pinckney,* 20 Tex. 341, and *Felter v. Mulliner,* 2 Johns. (N. Y.) 181.　In all those cases, however, it seems that the verdict was entered upon the docket of the justice.

C. S., sec. 7117, provides: "The court must tax and include in the judgment the costs allowed by law to the prevailing party."

A judgment in a justice's court cannot be proved by parol. No formality is required in a judgment in the justice's court, but enough must appear in the record to indicate in whose favor the judgment is rendered, and against whom, together with the amount thereof, including costs.　(C. S., secs. 7114 and 7117; *Grey v. Cederholm,* 2 Ida. 34, 3 Pac. 12.)　If the judgment be not for a sum of money, it must show in substance that it is a final determination of the issues presented.　(*Swift v. Cornes,* 20 Wis. 397.)

These matters can only be shown by the justice's docket. In this case at the time the appeal was taken there was

no entry in the justice's docket, either of the verdict of the jury or of the costs of the action. There was, therefore, no rendition of a judgment within the meaning of C. S., sec. 7179.

The order is affirmed. Costs to respondent.

Budge and Dunn, JJ., concur.