(July 3, 1925.)

WEST STATES MORTGAGE LOAN CO., a Corporation, Respondent, v. JOHN HURST, Jr., Appellant.

[237 Pac. 1107.]

APPEAL—DISMISSAL—JUDGMENT.

 1. Notice of appeal from a final judgment of the district court must be filed within ninety days after the entry of the judgment.

2. A judgment of the district court is deemed entered when it is deposited in the office of the clerk for entry.

3. An appeal will be dismissed where it appears that the notice of appeal was filed more than three years after the deposit of the judgment in the office of the clerk, but within ninety days after the judgment was actually entered.

APPEAL from the District Court of the Fifth Judicial District, for Franklin County. Hon. Robert M. Terrell, Judge.

Motion to dismiss appeal. *Motion granted.*

P. M. Condie and Gustin & Pence, for Respondent.

"The clerk must keep with the records of the court a book to be called a judgment-book in which judgments must be entered and a judgment shall be deemed to be entered when being duly rendered, it is deposited in the office of the clerk of the court with the proper officer for entry." (C. S., secs. 6899, 7152; *Berding v. Varian,* 34 Ida. 587, 202 Pac. 567; *Stout v. Cunningham,* 33 Ida. 83, 189 Pac. 1107; *Athey v. O. S. L. R. Co.,* 30 Ida. 318, 105 Pac. 1116.)

P. J. Evans, for Appellant.

C. S., sec. 7152, provides explicitly that an appeal may be taken from a "final judgment" within 90 days after the entry of said judgment. Our courts have always held consistently that this means the actual entry in the judgment record, and that an appeal prior to such actual entry was void. (*Vollmer v. Nez Perce County,* 7 Ida. 302, 62 Pac. 925; *Oliver v. Kootenai County,* 13 Ida. 281, 90 Pac. 107; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; *Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674; *Athey v. O. S. L. P. Co.,* 30 Ida. 318, 165 Pac. 1116.)

The only effect of the amendment in C. S., sec. 6899, was to enlarge the time of taking an appeal so as to make an appeal taken after the rendition of judgment and its filing with the clerk, but before its actual entry, a valid appeal, because the judgment was deemed entered for the purpose of

41 Idaho—6

appeal. But it did not and could not amend the provisions of sec. 7152, which gives 90 days after entry of judgment in which to appeal, for the reason that the word "entry" as used in this section has always been construed by this court to mean actual entry. (*Stout v. Cunningham,* 33 Ida. 83, 189 Pac. 1107.)

WM. E. LEE, J.—In this action the complaint was filed May 25, 1918. A copy of the findings of fact, conclusions of law and judgment was served on counsel for appellant on March 3, 1920, and the judgment was filed on March 10, 1920. Motion for new trial was denied on April 11, 1921. Notice of appeal from the judgment was filed July 28, 1923, which was more than three years after the judgment was deposited with the clerk of the court. The clerk has certified (outside his transcript) that the "judgment was actually .... entered in Book 1 of Judgments .... on the 1st day of May, 1923, .... " We are met with a motion to dismiss the appeal. One of the grounds is that this court is without jurisdiction to entertain the appeal for the reason that notice of appeal was not filed within ninety days of the "filing and entry of the judgment."

It is the law that a notice of appeal must be filed within ninety days after the entry of a final judgment (C. S., sec. 7152); and that a judgment is deemed entered when it is deposited in the office of the clerk of the court for entry. (C. S., sec. 6899.) This judgment, according to the transcript, was deposited with the clerk and filed on March 10, 1920; and, under C. S., sec. 6899, it must be deemed to have been entered on that day. In fact, the certificate of the clerk is incompetent and inadmissible to impeach the regularity of his official act that the judgment was filed in his office on March 10, 1920. (*Athey v. Oregon Short Line R. R. Co.,* 30 Ida. 318, 165 Pac. 1116.) But conceding that the record shows that while the judgment was deposited with the clerk and filed on March 10, 1920, the labor of entering the judgment at length was not actually performed until May 1, 1923, under the statute the judgment will be deemed

to have been entered on March 1, 1920. In *Berding v. Varian*, 34 Ida. 587, 202 Pac. 567, it was moved to dismiss the appeal on the ground that it was "taken from a judgment made and filed . . . . and not from a judgment made and entered . . . . " This court said: "The first ground upon which a dismissal is asked . . . . is without merit for the reason that under our statute when a judgment is filed it is deemed in law to be entered."

Appellant contends that the 1917 amendment of the statute, now C. S., sec. 6899, had the effect of enlarging the time for taking appeals. We cannot give the statute as amended such a construction. Under it, the time for taking an appeal would depend more on the diligence of the clerk in entering a judgment than the time provided by law. The legislature, under the authority vested in it in the constitution, has fixed ninety days from and after the entry of a final judgment within which to file notice of appeal. When a judgment is filed it is deemed by statute to be entered. The notice of appeal was not filed in time and the attempted appeal does not vest this court with jurisdiction to hear and determine the question sought to be presented.

Motion granted. Costs to respondent.

William A. Lee, C. J., Budge, Givens and Taylor, JJ., concur.