(No. 5764.   February 1, 1932.)

ROSS B. HADDOCK, Appellant, v. MAY JACKSON and
ERNEST F. JACKSON, Respondents.

[8 Pac. (2d) 279.]

Paul S. Haddock, for Appellant.

Leo M. Bresnahan, for Respondents.

LEE, C. J.—Plaintiff and appellant, Ross Haddock, secured a judgment against defendant and respondent, Ernest F. Jackson, in the probate court of Lincoln county. Jackson appealed to the district court. After denying Haddock's motions to dismiss for lack of jurisdiction, a trial *de novo* resulted in a judgment for Jackson. From that judgment, Haddock has appealed, complaining of the denials of his motions and the rulings of the trial court preliminary thereto. Respondent does not seek to defend upon the merits but contends that, in the absence of a reporter's transcript or bill of exceptions, there is nothing before the court for review.

Under C. S., sec. 6879, any interlocutory order, ruling or decision appearing upon the records and files in the action or minutes of the court are deemed excepted to and need not be embodied in a bill of exceptions but may be reviewed upon appeal as though settled in such bill of exceptions. Each ruling or order specified as error appears in the record along with the praecipe requiring them, fully satisfying the procedure outlined in *Erickson v. Edward Rutledge Timber Co.*, 34 Ida. 754, 203 Pac. 1078, and *Feenaughty Machinery Co. v. Turner*, 44 Ida. 363, 257 Pac. 38.

Appellant contends that the judgment was rendered in the probate court on January 21, 1929; that it was not entered in the docket until January 24th; that notice of appeal was served January 21st, three days before there was anything to appeal from, and that the district court was, therefore, without jurisdiction to entertain any appeal whatsoever.

Pursuant to appellant's motion, the district court ordered the probate judge to transmit a certified copy of his docket entry. In an attempt to comply with the order, the probate judge transmitted to the court an instrument denominated "Certificate on Transmission of Record," wherein, instead of certifying, he recited that "I herewith transmit a certified copy of my docket entry in said cause, said docket entry being hereto attached, marked 'Exhibit A' and made a part hereof. Said docket entry is the only docket entry made or entered in the Probate Court of Lincoln County, Idaho, in said cause, and was made after the filing on January 24, 1929, of the only judgment made or entered by me in said cause." The attached exhibit was, however, not, of itself, certified, but it showed the docket entry as of January 21st. Respondent moved to strike all the material parts of the so-called certificate of transmission together with the attached exhibit for the reason that nothing had been certified: the motion was sustained.

Later, respondent himself moved the court for an order requiring the probate judge to send up a certified copy of the docket entry. Again he transmitted an instrument denominated "Amended Transmission of Pleadings and Files

and Certification of Docket Entries." It recited but did not certify that, whereas the probate judge had theretofore "certified" to the district court the files and docket entry and the cause had been "re-opened" for the purpose of correcting the docket entry, that additional files, orders etc., "amending and correcting" the record were attached thereto, and further stated that the original docket entry should be amended and corrected by adding the following words and figures: "The statement contained in the above entry which is in words and figures as follows, to wit: 'Judgment rendered January 21, 1929,' is erroneous and should read 'Judgment rendered January 24, 1929.' Said entry above was actually made and spread on the records on January 24, 1929." This instrument was accompanied by a copy of the probate judge's order directing the amendment and correction, after a hearing in which both parties had appeared: the instrument embodying the order and these recitals was duly certified.

In overruling both of appellant's motions to dismiss, the court evidently took the ground that the probate judge was estopped to deny his docket entry. But the rule the court must have had in mind does not prohibit the correction of clerical mistake. A court cannot amend its record to correct a judicial error but it has the inherent power to amend such record so that it shall conform to the actual facts and truth of the case. (*State v. Winter*, 24 Ida. 749, 135 Pac. 739; *State v. Douglass*, 35 Ida. 140, 208 Pac. 236.) Furthermore, the probate court aside from its purely probate jurisdiction, not being a court of record, it was within the province of the district court to require that the record below speak the truth. In fact, it would seem to have been its duty to do so. (*Mottu v. Fahey*, 78 Md. 389, 28 Atl. 387.) There was no attempt by the probate judge in any manner to alter the nature or effect of the judgment entered: he merely sought to have the record recite the true date of entry.

The facts show that the probate court's judgment was entered on January 24th; that the notice of appeal was

served on January 21st and filed on January 30th. Under *Dalton v. Abercombie,* 35 Ida. 290, 206 Pac. 1051, inasmuch as there was no entry in the docket at the time the appeal was attempted to be taken, there was no "rendition" of a judgment within the meaning of C. S., sec. 7179, and the service of the notice of appeal was a nullity: there was never service of any notice of appeal after the judgment was actually entered. Appellant's motion to dismiss should have been sustained.

Judgment reversed and cause remanded, with instructions to the trial court to dismiss the appeal. Costs to appellant.

Budge, Givens, Varian and Leeper, JJ., concur.

Petition for rehearing denied.