(No. 5962.   December 10, 1932.)

LA SALLE EXTENSION UNIVERSITY, a Corporation, Plaintiff, v. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO and GEORGE PAUL KRANCHES, Defendants.

[16 Pac. (2d) 1064.]

Frank Griffin, for Plaintiff.

James A. Wayne, for Defendants.

LEEPER, J.—This is an application for a writ of review directed to the order of the district court overruling a demurrer and remanding the case to the justice's court in which it originated for trial. The appeal to the district court was taken by the defendant Kranches from an order of the justice of the peace sustaining a demurrer of the plaintiff to the answer of the defendant. No trial was ever had in the justice's court and no judgment was ever rendered in the action. No bond upon appeal was ever filed. The La Salle Extension University, plaintiff here and respondent below, moved to dismiss the appeal in the

district court for want of jurisdiction. The motion was denied and the court entered the order complained of.

The order was absolutely void because the court had no jurisdiction for two reasons: (1) The order of the justice of the peace sustaining a demurrer is not appealable and can be reviewed only by appeal from a final judgment. (I. C. A., sec. 11–301; *Smith v. Peterson*, 31 Ida. 34, 169 Pac. 290; *Dalton v. Abercrombie*, 35 Ida. 290, 206 Pac. 1051; *Haddock v. Jackson*, 51 Ida. 560, 8 Pac. (2d) 279.) (2) No appeal bond was ever filed. (I. C. A., sec. 11–305; *Melquist v. Board of Commrs.*, 45 Ida. 296, 261 Pac. 774.)

Plaintiff has no remedy by appeal, because neither the order denying motion to dismiss nor the order overruling the demurrer are appealable. (I. C. A., sec. 11–201; *Swinehart v. Turner*, 36 Ida. 450, 211 Pac. 558; *Crane v. City of Harrison*, 40 Ida. 229, 38 A. L. R. 15, 232 Pac. 578; *Blaine County Nat. Bank v. Jones*, 45 Ida. 358, 262 Pac. 509.) Under the circumstances no final judgment could have been entered by the district court from which an appeal would lie to this court and in which the orders complained of might be reviewed as interlocutory orders. Plaintiff has no other plain, speedy and adequate remedy by prohibition or otherwise, since the illegal action complained of has already been accomplished and the case remanded to the justice's court. (*Bellevue Water Co. v. Stockslager*, 4 Ida. 636, 43 Pac. 568.) Therefore, this is a proper case in which the writ of review may be invoked. *Gunderson v. District Court*, 14 Ida. 478, 94 Pac. 166, relied upon by defendant in support of his position that the remedy by review will not lie, is not in point for the reasons hereinbefore stated, and for the further reason that it can be differentiated as to the facts. In the Gunderson case the district court, in an appeal otherwise valid, passed upon the sufficiency of a bond, held it valid and refused to dismiss. The writ of review was sought to review that action directly, and we rightly held that under those circumstances it was not properly invoked.

It will readily be observed that the situation there is different from the one here considered.

The writ of review is granted and the order of the district court overruling the demurrer is reversed. The case is remanded, with instructions to dismiss the appeal from the justice's court. Costs are awarded to plaintiff.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.