(No. 7074.  February 3, 1943.)

PACIFIC FINANCE CORPORATION OF CALIFORNIA, a corporation, Respondent, v. ALBERT V. LaMONTE, Appellant.

[133 Pac. (2d) 921.]

James & James and Conroy Gillespie for appellant.

J. H. Barnes for respondent.

AILSHIE, J.—This is a civil action commenced in the Probate Court of Blaine County for the recovery of certain personal property or the value thereof. Judgment was entered in favor of the plaintiff and the defendant appealed to the District Court. On motion of the plaintiff, the District Court dismissed defendant's appeal; whereupon defendant appeal to this court.

The proceedings, had in the course of this case, are somewhat involved; however, the essential facts, upon which our decision must be based, are substantially as follows: The trial in the Probate Court was concluded January 15, 1942, and judgment was ordered in favor of the plaintiff on that date. No judgment was "entered by the court" *on the docket* at that time, as required by Secs. 10-1003, 10-1005, 10-1301 (Subd. 9), I. C. A. (*Dalton v. Abercrombie,* 35 Ida. 290, 206 P. 1051; *Haddock v. Jackson,* 51 Ida. 560, 8 P. (2d) 279.)

An appeal was taken from the judgment February 24, 1942. Thereafter and on April 24, 1942, defendant made motion in the District Court, for an order directing the Probate Court to make amendments and corrections in his docket. After a hearing, the District Court entered an order, directing the Probate Court

"to make such amendments and corrections in his docket in the above case as are necessary to show the true date that the judgment in said case was entered in his docket, and, further, that he forthwith prepare, certify and forward to the clerk of the above court a true copy of his docket entries in said case as so amended and corrected."

On the same date, April 24, 1942, the motion to amend and correct the docket entry was heard in the Probate

Court and, at the conclusion of the hearing, the Probate Judge entered an order as follows:

". . . it is hereby ordered that said motion be and the same is hereby granted and the docket of said case is hereby amended and corrected to show that the judgment in the above cause was entered in said docket on January 28, 1942, and not on January 15, 1942, as heretofore shown by said docket."

This order was duly and regularly entered and thereupon properly certified to the District Court.

Thereafter, May 6, 1942, plaintiff appears in the District Court "for the purpose only of objecting to the jurisdiction" of that court and moved to dismiss the appeal, on the ground that the same was taken *more than thirty days* after the entry of judgment, alleging that the judgment was in fact entered in the Probate Court docket January 20th. The motion was based "upon the records and files in the above entitled action, and upon the affidavit of J. H. Barnes, submitted herewith." The affidavit of Mr. Barnes consists of a history of the case and an exchange of letters between himself and the Probate Judge, with reference to the proceedings and the docketing of the judgment. At the conclusion of the hearing, the District Judge entered an order and judgment dismissing the appeal, on the ground that it was taken *more than thirty days after docketing* the judgment; and directing the Probate Judge to amend his docket entry to make it show that the judgment was docketed January 20th. This appeal is from that judgment and order.

■ It is conceded that the District Court had the jurisdiction and authority to require the Probate Court to make his record and certificate conform to the facts as they occurred and to speak the truth. The Probate Judge complied with the direction of the District Court and certified that the judgment appealed from was docketed by him on the 28th of January. Respondent was not satisfied with that correction and asked the District Court to make a different finding of fact, as to when the Probate Judge had made the record. There are two reasons why the court erred in granting this latter request: First, the error in the probate record, if any, was merely clerical, not judicial (*Ridgley v. Abbott Q. M. Co.*, 7 Cal. Unrep. Cas. 200, 79 P. 833) and did not go to the merits of the case or impair the judgment, whatever the docketing date might

be. (*Haddock v. Jackson*, supra; *Dalton v. Abercrombie*, supra.) Second: After the Probate Judge made the official record and certificate and corrected the same, he could not not be examined as a witness to contradict such official record and certificate. (*First Natl. Bank of Hailey v. Glenn*, 10 Ida. 224, 232, 77 P. 623; 109 Am. St. Rep. 204; *West States M. L. Co. v. Hurst*, 41 Ida. 80, 82, 237 P. 1107; 70 C. J., Sec. 236, p. 180, notes 18-21.)

The records of a justice or Probate Court, made within the scope of its jurisdiction, are entitled to be accorded the same verity as is accorded other courts. (*Schaefer v. C. W. Whittam*, 146 Iowa 64, 124 N. W. 763; *Heard v. Holbrook*, 21 N. D. 348, 131 N. W. 251.) Moreover, such corrections must be made in the court where the error occurred.

It is only fair to the trial judge to observe here, that he acted upon what he understood this court held in *Haddock v. Jackson*, supra. In his written memorandum he said:

"Defendant objected to this court receiving the testimony of Judge McLeod and has moved to strike such testimony. The authorities cited by counsel in his brief in support of his objections to the testimony of Judge McLeod are the same as similar authorities which I relied upon in deciding the case of *Haddock v. Jackson* which the Supreme Court reversed, *Haddock v. Jackson*, 51 Ida. 560.

"It appears to me that the language of our Supreme Court in that case is controlling herein, for the Supreme Court there held that it was not only within the province of the District Court but its duty to see that the record below speaks the truth. The performance of such duty necessarily involves the hearing and consideration of evidence so the court can determine whether the record before the court speaks the truth or not, and if not, what the truth is.

"Therefore, I am of the opinion that defendant's motion to strike Judge McLeod's testimony should be denied . . ."

It should be noted, however, that the Haddock case took notice of the difference between "clerical mistake" and "judicial error" in saying: "A court cannot amend its record to correct a judicial error but it has the inherent power to amend such record so that it shall conform to the actual facts and truth of the case." (*Haddock v. Jackson*,

supra; *Glennon v. Fisher*, 51 Ida. 732, 736, 10 P. (2d) 294; *State v. Winter*, 24 Ida. 749, 135 P. 739; *State v. Douglass*, 35 Ida. 140, 208 P. 236.) This court held that the correction of the date on which the judgment was docketed in the Haddock case was not an alteration of "the nature or effect of the judgment entered" but merely caused it to "recite the true date of entry" in the docket.

The trial court erred in dismissing the appeal.

The judgment is reversed and the cause is remanded with direction to reinstate the appeal and to otherwise proceed with the case. Costs awarded in favor of appellant.

Holden, C.J., Budge, Givens, and Dunlap, JJ., concur.