LAUREN HEIDEMANN, Plaintiff-Respondent, v. MRS. HENRY KRUEGER and ELSIE KRUEGER, Defendants-Appellants.

[164 P. (2d) 591.]

O. C. Hall for appellants.

Ray D. Agee for respondent.

BUDGE, J.—Throughout this opinion we shall refer to respondent as plaintiff, and appellants as defendants.

This action was commenced in the Probate Court of Twin Falls County to recover the value of certain personal property alleged to have been the property of plaintiff, and for exemplary damages. Proceedings had in the probate court resulted in a judgment in favor of plaintiff and against defendants for the alleged value of the property, together with costs. From the judgment so entered in the probate court defendants appealed to the District Court of the Eleventh Judicial District. Thereafter plaintiff made, served and filed a motion in the district court, supported by affidavit, for an order directing the probate court to make amendments and corrections in its docket, a transcript of which had theretofore been filed with the clerk of the district court of the above named district. After a hearing had thereon, the district judge made and entered an order directing the probate court to "forthwith and without delay correct his docket entries in the above entitled action to speak the truth as to the date of the entry of the judgment on his docket in said action, * * * and without delay certify to this Court a true and correct transcript of his judgment docket in said action as corrected." Thereafter the probate court corrected and amended its docket to show that the judgment was duly entered in the docket of said probate court on the 31st day of March, 1945, and not on the 30th day of March, 1945. Said corrected and amended transcript of the docket was duly and regularly certified and filed with the clerk of the district court.

That the district court had jurisdiction and authority to require the probate court to correct and amend its record to conform to the facts and to speak the truth has been settled in this jurisdiction. (*Haddock v. Jackson,* 51 Ida. 560, 8 P. (2d) 279; *Pac. Finance Corporation v. LaMonte,* 64 Ida. 438, 133 P. (2d) 921.) The certified copy of the corrected and amended docket of the probate court having been duly filed with the clerk of the district court, plaintiff served and filed his motion to dismiss the appeal for the reason, among others, that the "district court never acquired and does not now have jurisdiction of the above-entitled action."

The record discloses that the judgment was entered in the probate court docket March 31, 1945, and not March 30, 1945; that the purported notice of appeal was filed in the probate court March 30, 1945, and served on said date.

It is clear that at the time the purported notice was filed and served that no judgment had been entered in the docket of said court, consequently the notice of appeal was a nullity. (Sec. 11-301, I.C.A.; *Dalton v. Abercrombie,* 35 Ida. 290, 206 P. 1051.)

After hearing the argument of respective counsel, and after due consideration of all the records and files in the action, the district judge made and entered the following order:

"Wherefore, by virtue of the law and by reason of the premises aforesaid, it is hereby ordered, adjudged and decreed that the appeal of the defendants and appellants, * * * be, and the same is hereby, dismissed."

From the above order this appeal is prosecuted.

Upon the authority of the following cases: *Santti v. Hartman,* 29 Ida. 490, 161 P. 249; *Seisser v. Oregon Short Line R. R. Co.,* 33 Ida. 291, 193 P. 731; *Pacific Finance Corporation v. LaMonte,* supra, we have reached the conclusion that the judgment appealed from must be affirmed, and it is so ordered. Costs to respondent.

Ailshie, C. J., and Givens, Holden and Miller, JJ., concur.