668 P.2d 1018

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Lester GISSEL, Conrad Gissel and Dave Lewis, Defendants-Respondents.**

No. 13921.

Court of Appeals of Idaho.

Aug. 10, 1983.

Petition for Review Denied
Oct. 5, 1983.

288

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Thomas A. Mitchell, Coeur d' Alene, for defendants-respondents.

This Opinion Supersedes the Court's Prior Opinion Issued March 8, 1983, which is Withdrawn.

WALTERS, Chief Judge.

This is an appeal by the state from an order of the district court reversing judgments of conviction for criminal trespass, entered upon jury verdicts in the magistrate division. On appeal from the magistrate court, the district court held the evidence insufficient to show malice, as required by the trespass statute.

The state contends the district court's order must be reversed for two reasons. First, the state asserts the district court was without jurisdiction to consider the appeal from the magistrate's court because the notices of appeal from the magistrate division were prematurely filed. Second, the state argues that if the district court had appellate jurisdiction, it erred by holding the evidence insufficient.

In an earlier opinion in this case we agreed with the state on its first point and we held that the district court was without jurisdiction to hear the appeal from the magistrate's division. We did not address the appeal on its merits.

Having been requested, by a petition for rehearing, to further review the matter, however, we now hold that the district court was vested with jurisdiction; and we therefore have withdrawn our earlier opinion. Addressing the merits, we further hold the district court erred in setting aside the jury's verdicts and in reversing the convictions.

I. *Proceedings in Magistrate Division.*

Lester Gissel, Conrad Gissel and Dave Lewis were charged with misdemeanor offenses of trespass. The charges arose from alleged harvesting and removal of "wild rice" from property managed by the Idaho Fish and Game Department. The defendants were tried jointly before a jury; and verdicts of guilty were returned on November 20, 1979, against all three defendants. When the verdicts were returned, the magistrate announced in open court that "it is the judgment of the court that the defendants are guilty." The magistrate continued the matter to November 29 for sentencing.

The defendants filed motions for new trial. These motions were heard and denied by the magistrate in open court on Novem-

ber 29. The magistrate then proceeded to sentence the defendants upon the trespass offenses. Each defendant was fined $300 plus $10 in court costs. At the conclusion of the sentencing proceeding, the defendants filed written notices of appeal to the district court. The notices stated that the defendants were appealing from "that certain judgment of conviction entered herein on or about the 20th day of November, 1979." However, it was not until December 3, 1979, that the magistrate signed written judgments of conviction, reciting the adjudications of guilt and the fines imposed.

II. *Jurisdiction of District Court.*

We first address the effect of filing the notices of appeal *before* the judgments were signed by the magistrate and entered by the clerk. There appear to be two lines of authority on this issue; and both depend largely upon the appellate rules found in the respective jurisdictions.

One line of authority holds that where a notice of appeal is filed prematurely, i.e., after oral pronouncement of a judgment but before a written judgment is filed, the appeal is not subject to dismissal. Rather, the notice remains in a "state of limbo" until the judgment is filed. Under this view, when the written judgment subsequently is entered the notice of appeal "matures" and vests jurisdiction in the appellate court. *See e.g., United States v. Moore,* 616 F.2d 1030 (7th Cir.1980); *United States v. Thoreen,* 653 F.2d 1332 (9th Cir. 1981); *Williams v. State,* 324 So.2d 74 (Fla. 1975); *Cunningham v. State,* 232 Ga. 416, 207 S.E.2d 48 (1974); *People v. Allen,* 71 Ill.2d 378, 16 Ill.Dec. 941, 375 N.E.2d 1283 (1978); *State v. Willette,* 402 A.2d 476 (Me. 1979); *State v. Wilke,* 560 S.W.2d 601 (Mo. Ct.App.1978); *State v. Tripodo,* 50 Ohio St.2d 124, 363 N.E.2d 719 (1977); *State v. Garvey,* 283 N.W.2d 153 (N.D.1979); *Mayfield v. State,* 627 S.W.2d 474 (Tex.App. 13 Dist.1981).

The other line of authority holds that, in the absence of an express statute or rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of the court and signed by the judge thereof. *See State v. Morris,* 69 N.M. 89, 364 P.2d 348 (1961), *citing State v. McClain,* 186 Tenn. 401, 210 S.W.2d 680 (1948) and *State v. Thorne,* 39 Wash.2d 63, 234 P.2d 528 (1951). *See also United States v. Mathews,* 462 F.2d 182 (3rd Cir.1972); *State v. Johnson,* 18 Ariz.App. 474, 503 P.2d 829 (1973); *People v. Burns,* 152 Cal.App.2d 329, 314 P.2d 79 (1957); *People v. Bowman,* 132 Cal.App.Supp.2d 915, 282 P.2d 1042 (1955); *State v. Bulgo,* 45 Haw. 501, 370 P.2d 480 (Hawaii 1962); *People v. Boston,* 27 Ill.App.3d 246, 327 N.E.2d 40 (1975), *but compare People v. Allen,* 71 Ill.2d 378, 16 Ill.Dec. 941, 375 N.E.2d 1283 (1978); *State v. Hendel,* 468 S.W.2d 664 (Mo.Ct.App.1971), *but compare, State v. Wilke,* 560 S.W.2d 601 (Mo.Ct.App.1978); *State v. Gonzales,* 79 N.M. 414, 444 P.2d 599 (Ct.App.1968); *State v. Phillips,* 78 N.M. 405, 432 P.2d 116 (Ct. App.1967); *Allgood v. State,* 78 Nev. 326, 372 P.2d 466 (1962); *Gordon v. State,* 627 S.W.2d 708 (Tex.Crim.App.1982), *but compare Mayfield v. State,* 627 S.W.2d 474 (Tex.App. 13 Dist.1981); *Jackson v. State,* 547 P.2d 1203 (Wyo.1976). Under this latter view, a premature notice of appeal, filed before the subsequent entry of a formal written order or judgment, is ineffective to vest the appellate court with jurisdiction, and the appeal must be dismissed.

Prior case law in Idaho supports the proposition that a premature notice of appeal is a nullity and does not vest jurisdiction in the appellate court, notwithstanding a subsequently entered written judgment. In *State v. Barnard,* 13 Idaho 439, 90 P. 1 (1907) our Supreme Court dismissed an appeal from the district court because no judgment yet had been entered by the district court from which an appeal could be taken. In *State v. Mason,* 102 Idaho 866, 643 P.2d 78 (1982), a decision of the district court, which had been rendered on appeal from the magistrate division, was vacated by our Supreme Court because the judgment of the magistrate had not been included in the record on appeal. The Court held that, without such a judgment, the appel-

late jurisdiction of the district court was not established.

Numerous civil cases in Idaho hold that a premature notice of appeal is ineffective to vest jurisdiction on appeal. *See Kraft v. State,* 99 Idaho 214, 579 P.2d 1197 (1978) (notice of appeal filed before written findings of fact, conclusions of law or judgment was entered; appeal dismissed as premature); *Hamblen v. Goff,* 90 Idaho 180, 409 P.2d 429 (1965) (written judgment filed subsequent to notice of appeal; appeal dismissed for lack of appellate jurisdiction); *Heidemann v. Krueger,* 66 Idaho 612, 164 P.2d 591 (1945) (order of dismissal of appeal by district court from probate court affirmed, where judgment of probate court was entered in the docket subsequent to the notice of appeal to district court); *Haddock v. Jackson,* 51 Idaho 560, 8 P.2d 279 (1932) (cause remanded to district court with instructions to dismiss appeal from probate court because notice of appeal to district court was filed before written judgment had been entered in probate court docket); *First National Bank of Pocatello v. Poling,* 42 Idaho 636, 248 P. 19 (1926) (appeal from oral decision dismissed, in absence of judgment, order or decree entered in permanent form in the record); *Dalton v. Abercrombie,* 35 Idaho 290, 206 P. 1051 (1922) (order of dismissal by district court, of appeal taken from justice of peace court, affirmed, where notice of appeal to district court was filed before a formal judgment was entered on the docket of the justice's court); and *Goade v. Gossett,* 35 Idaho 84, 204 P. 670 (1922) (appeal from order denying new trial dismissed where notice of appeal was filed prior to entry of the written order denying motion for new trial). Most of these cases were decided when the courts below the district court level in Idaho were not courts of record. No record was required to be maintained of oral rulings, pronouncements or decisions made by such courts. With the advent of the magistrate division system, however, those courts became courts of record. Electronic recordings and minute records of proceedings in those courts are now maintained, thereby preserving oral rulings of the lower courts. Nevertheless, in our first opinion in the present case, we deemed ourselves constrained to follow the pattern of Idaho authority, holding a premature appeal to be a nullity.

However, while the petition for rehearing was pending in this case, our Supreme Court amended Idaho Appellate Rule 17, effective July 1, 1983. The amendment, 17(e)(2), provides:

> *Premature Filing of Notice of Appeal.*
> A notice of appeal filed from an appealable judgment, order or decree before formal written entry of such document shall become valid upon the filing and the placing of the stamp of the clerk of the court on such appealable judgment, order or decree, without refiling the notice of appeal.

■ This amendment clearly falls in line with the authorities from other jurisdictions which recognize that a premature notice of appeal—filed after pronouncement of an otherwise appealable decision but before entry of a written order, decree or judgment—is not a nullity but is held in abeyance and matures upon filing by the clerk of a formal written judgment, order or decree. The approach reflected by this amendment is a diametric change from the earlier decisions of our Supreme Court concerning premature notices of appeal. It indicates to us a policy of judicial fairness, preserving appeals for determination on their merits rather than penalizing litigants for their eagerness in seeking appellate review.

We believe the adoption of this amendment affords us the freedom in this case to decide that the premature notices of appeal to the district court matured and validly vested jurisdiction in that court, upon entry of record of the written judgments of conviction in the magistrate division. We do this, not by applying the amendment to this case, but by applying the enlightened concept reflected by the amendment. We hold that the district court did have jurisdiction to hear the appeal.

III. *Sufficiency of the Evidence to Support the Verdicts.*

We turn next to the merits of the appeal from the district court, addressing the question of whether the district judge erred in holding the evidence insufficient to support the jury's verdicts. Under the then existing rule 18, Idaho Criminal Appellate Rules (rescinded effective July 1, 1980), the district court, on an appeal from the magistrate division, was empowered as follows:

> The district court may reverse, affirm, modify the judgment or order appealed from or grant a trial de novo in the district court and may set aside, affirm or modify any or all proceedings subsequent to or dependent upon such judgment or order and may, if proper, order a new trial in the magistrates division of the district court from which the appeal was taken.

In their statement of issues to be considered on appeal to the district court, the defendants raised a number of evidentiary and procedural errors allegedly occurring at the trial. Of these issues, the district court addressed, and determined the appeals on, but one issue—whether the evidence, admitted at trial, was sufficient to justify a finding that the defendants acted "maliciously," as that term was statutorily defined and included in the crime of trespass.

The defendants were charged with criminal trespass under I.C. § 18–7008(3). That section provides:

> Every person who wilfully commits any trespass by ... [m]aliciously injuring or severing from the freehold of another, anything attached thereto, or the produce thereof ... [i]s guilty of a misdemeanor.

The terms "wilfully" and "maliciously" are defined in I.C. § 18–101. The statute states:

> The following words have in this code the signification attached to them in this section, unless otherwise apparent from the context:
>
> 1. The word "wilfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.
>
> .  .  .  .  .
>
> 4. The words "malice," and "maliciously," import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof, or presumption of law....

On this appeal, the state attacks the district court's reversal of the verdicts and judgments in three respects. It argues that the district court did not view the evidence in the light most favorable to the state. Next, it urges the district judge committed error by substituting his own opinion on the evidence for that of the jury. Finally, the state asserts that there was substantial competent evidence to support the jury verdict. We agree with the state on each of these points.

The question whether an act was committed with malice or whether a person was actuated by malice is ordinarily a question for the jury, as the triers of fact, to be determined in the light of all the surrounding facts and circumstances which tend to establish or dispute the existence of malice. *See generally,* cases cited at 52 Am.Jur.2d, *Malice,* § 6 pp. 166–167 (1970):

> A question for the jury is presented where there is evidence tending to show malice, or where there may be a fair difference of opinion on the issue of malice. The weight to be given an inference of malice is for the jury to determine....
>
> ... Assuming there is some evidence to substantiate a claim of malice, the determination of the question of malice in criminal prosecutions ... is to be made by the jury upon a consideration of all the facts and circumstances bearing upon the issue of malice. The court has no right to withdraw the question from the jury by assuming to draw the proper inferences from the facts proved, as presumption of law....

Functioning as an appellate court on review, the district court was subject to several well settled rules.

> ... We have consistently held that where the verdict of conviction is supported by substantial, competent, though conflicting evidence, it will not be disturbed on appeal. [Citations omitted.] The appellate court's function is not to weigh and consider the contradictions and inconsistencies which appellant finds in the testimony, but rather to determine whether there is substantial evidence in support of the verdict of the jury, taking the view of the evidence most favorable to the sustained party. The court's function is not to determine whether on the record reasonable doubt could or would exist. [Citations omitted.]

*State v. Cypher,* 92 Idaho 159, 166–67, 438 P.2d 904, 911–12 (1968). As a corollary, however, where the evidence is insufficient to support a verdict, the verdict and judgment must be set aside. *State v. Warden,* 97 Idaho 752, 754, 554 P.2d 684, 686 (1976).

In reviewing this matter, the district court acknowledged that the word "wilfully," as defined by I.C. § 18–101(1), does not require any intent to violate the law or to cause injury. The court noted that the word "maliciously," as defined by the statute required an intent to do something more than merely severing from real property something attached thereto. The court determined that the "severing" must be accompanied by a manifested intent to either (1) injure another, or (2) to annoy another, or (3) to do an act known to be prohibited by law. Reviewing the evidence in the case, the court found there was no evidence that the defendants intended to vex, annoy, or injure the Idaho Fish and Game Department or the State of Idaho. The court also stated "[n]or can it be said that they [the defendants] knew the acts were illegal or even wrong. Every act on the part of the Defendants indicates that they harvested the rice involved with a belief that they were doing only what was permitted."

■ We believe the district court erred in arriving at this latter conclusion, while performing its function as an appellate court. It is clear from the evidence that the rice belonged to the State of Idaho and was growing in an area managed by the Fish and Game Department. It did not belong to the defendants. One of the defendants was a former employee of the department, with knowledge that the rice was raised as cover, habitat and feed for migratory waterfowl. Evidence was also presented that the defendants did not have express permission from any entity to harvest the rice. It reasonably could be inferred from this evidence that the defendants knew they were committing a wrongful act i.e., taking, without permission, property belonging to someone other than themselves. The drawing of such an inference properly would be within the province of the jury, not the court, in deciding whether, as a matter of fact, the conduct of the defendants was "malicious" under the trespass statute. By rendering verdicts of guilty, in light of the inferences which could be drawn from the evidence, the jury could, and did, find the element of malice was proven.

■ Viewing the evidence in the light most favorable to the state (the sustained party in this instance), and allowing the jury to draw all reasonable inferences therefrom, and declining to substitute our judgment as to the credibility of the witnesses and the weight to be given to their testimony, we conclude there was substantial, competent evidence to support the jury's verdicts. We hold the district court erred in ruling that the evidence was insufficient, on the question of whether the malice element was proved, to support the verdicts.

### IV. *On Remand.*

In the appeal before the district court, the defendants asserted that other errors were committed by the magistrate during the trial. They questioned the admission of evidence which allegedly was hearsay or which was incompetent, irrelevant, or im-

material. They contended that improper and inflammatory argument was made by counsel for the state. They argued that the magistrate erred in not dismissing the case at the close of the state's evidence, or at the close of all of the evidence. They claimed the trial court erred in not granting a new trial. They asserted that the magistrate lacked jurisdiction over the subject matter of the suit. And they contended "the complaint failed to state a crime."

As noted earlier, the district court reversed the judgments of conviction solely on the basis that the evidence was insufficient to support the verdicts. Because of that determination, the court concluded it was unnecessary to address the other issues raised by the appeals. On remand those other issues should be addressed by the court. Disposition of the appeals should be made pursuant to the present rule governing appeals from magistrate division to the district court in criminal cases, I.C.R. 54, unless the district court finds that the application of that rule would prejudice the rights of any party. *See* I.C.R. 59.

The order appealed from is reversed and the matter remanded for further proceedings consistent herewith.

SWANSTROM and BURNETT, JJ., concur.